STATE OF VERMONT v. JOSEPH E. TRASK.

*Criminal Law. Indictment. Perjury. Trustees' Disclosures.*

Unless that part of the testimony is found to be false which the indictment alleges to be material, no conviction for perjury is warranted.

Where the only material fact as alleged was whether the respondent paid M for certain sheep, and his testimony was that he paid him *at a certain time at such a place*, it was error for the court to tell the jury to convict the prisoner, if the testimony was wilfully false, without pointing out which part of the testimony was material, and requiring them to find *that part* false before conviction, for the respondent may have paid for the sheep at some other time or place.

Where part of a trustee's disclosure is given in writing, as the statute requires, and another part is given orally and not reduced to writing, a prosecution for perjury can not be predicated on the part not reduced to writing.

INDICTMENT for perjury. Plea, not guilty. Trial by jury, December term, 1868, BARRETT, J., presiding. The indictment alleged in substance that in a certain justice suit in Barnard, on the 28th day of September, 1867, before justice Blackmer, in which Samuel C. Cady was plaintiff, and Joseph A. Myrick was principal defendant, and the respondent, Joseph E. Trask, was summoned as trustee, upon the trial,

" it became and was a material question, on the said issue, whether he (the said Joseph E. Trask) had paid the said Myrick for certain sheep that the said Joseph E. Trask had, before that time, bought and received of the said Myrick,"

that said Trask being a witness duly sworn, etc., falsely and maliciously, etc., testified as follows:

" That he, the said Joseph E. Trask, had paid the said Joseph A. Myrick for certain sheep that he, the said Joseph E. Trask, had before that time bought and received of the said Myrick; that the said Myrick had followed him, the said Joseph E. Trask, from Bethel, in said county, to Hartford, in said county, as he, the said Joseph E. Trask, was taking the said sheep to Boston, and at said Hartford insisted that he, the said Joseph E. Trask, should pay him, the said Myrick, for said sheep, and that then and there, to wit, at said Hartford, he, the said Joseph E. Trask, paid the said Myrick for said sheep, bought of the said Myrick by said Trask as aforesaid. Whereas in truth and in fact the said Joseph E. Trask had not, at said Hartford, or anywhere else, paid the said

Myrick for said sheep, but on the contrary, was then and there, to wit, at Barnard, in said county, on the 28th day of September, 1867, and at the time he swore and gave evidence as aforesaid, indebted to and owing the said Myrick for said sheep, bought by the said Trask of the said Myrick, as aforesaid; and that the said Myrick did not follow the said Trask from Bethel to Hartford, as aforesaid, and insist on the said Trask paying for said sheep, and receive pay therefor then and there as aforesaid. But on the contrary, the said Joseph E. Trask, at the time he deposed, swore and gave evidence as aforesaid, to wit, at Barnard, on the 28th day of September, 1867, was owing the said Myrick for said sheep, and continued so to owe him therefor for a long time thereafter, to wit, for the space of two months thereafter."

The evidence on the part of the state tended to show a sale of thirty-seven sheep by Myrick to the respondent in August, 1867, which he was not to pay for until he took them to market; that he was summoned as trustee in said suit, as set forth in the indictment, and appeared and testified substantially as therein stated. It appeared that the respondent filed a written disclosure in said suit, and he objected to any parol evidence being given of any disclosure or examination of him as such trustee before said justice. The court overruled the objection and admitted such evidence, to which the respondent excepted.

The evidence on the part of the state also tended to show that the respondent, by reason of what he testified as stated in the indictment, claimed before said justice that he should not be held chargeable as trustee, and for no other reason and on no other ground, and that on that ground he was discharged as trustee, and there was no evidence to the contrary; that on the 25th day of September the respondent gave said Myrick a note for said sheep at Bethel, and Myrick gave him a receipt in full dated back to the day of the sale to respondent at his request; but that the respondent had never paid for the sheep. There was also testimony tending to show that the sheep were never Joseph A. Myrick's, but Danforth J. Myrick's, and that the respondent never owed Joseph A. anything, but that the respondent supposed Joseph A. was the owner until about the 25th of September he was informed by Joseph A. that his brother Danforth was the real

owner ; but Danforth did not appear as claimant at the trustee suit ; also that said note was not paid till long after said trustee suit.

Respondent requested the court to charge

"(1) That the issue pending before the justice was upon the liability of the respondent as trustee of Joseph A. Myrick, depending on the fact whether he was at the time of the service of the trustee process indebted to Joseph A. Myrick ; (2) that the respondent could only be convicted of perjury upon a fact material to the issue ; (3) that if the jury find that the respondent had been indebted to Joseph A. Myrick, and had in fact paid him such indebtment previous to the service of the trustee process, perjury cannot be predicated of any misstatement as to the time and place of payment."

The court charged the jury fully in relation to all points and aspects of the case, presented by the evidence and the arguments of counsel, to which no exception was taken, except in the following particulars. The court told the jury

" The question before the justice in the said trustee suit was whether the respondent was chargeable as trustee ; that he was then before the court claiming that he was not chargeable ; that if before the justice the respondent claimed he was not chargeable as trustee, and claimed his discharge on the ground that he had paid Joseph A. Myrick at White River Junction on the day they were started, and he testified that he did so pay, and that was false and he knew it to be false, it was perjury, and the verdict should be guilty ; calling the attention of the jury to the averments in the indictment as to what he swore, and that it was false ; and putting it to the jury to find whether said averments were proved by the evidence beyond a reasonable doubt. And in the same connection, for the purpose of giving the jury a proper apprehension of the proposition thus made as to what would constitute perjury in the case in hand, in view of the evidence given in behalf of the state, the court further told them, if what the respondent testified to before the justice was false, and he testified it for the purpose of inducing the court to discharge him as trustee, though it might be true that there was another ground on which he might have put his claim to be discharged, but did not put it on that ground, such testifying falsely would be perjury ; that even if he had put it on both grounds, viz., that Joseph A. did not own the sheep and Danforth J. did, and also that he had paid Joseph A. for them at White River

Junction on the day he started with the sheep for market, and that the last ground had been false, as testified by him, it would be perjury."

To the parts of the charge above set forth and so far as the court failed therein to comply with such first and third requests, and to the omissions to charge in compliance with the third request, the respondent excepted. Verdict, guilty. After verdict, respondent moved in arrest of judgment for insufficiency of the indictment, which motion was *pro forma* overruled. Respondent excepted.

*Norman Paul* and *Washburn & Marsh*, for the respondent.

*S. E. Pingree*, state's attorney, and *J. J. Wilson*, for the state.

The opinion of the court was delivered by

STEELE, J. I. The indictment sets out the testimony which is alleged to have been false, and also the materiality of a certain question to which it related. The testimony, as it is averred, was that Trask had paid Myrick for the sheep at a certain time and place named, under certain circumstances described. The only question which is alleged to have been material is whether Trask had paid Myrick for the sheep. Consequently the only part of the testimony which, under the indictment, was material so that perjury could be predicated upon it, was the statement that he had paid Myrick for the sheep. The time, place, and occasion of the payment, are not alleged to be material. The time, doubtless, was material in point of fact, because Trask's liability as trustee would depend, if he paid the debt, on whether or not he paid it before the service upon him of the trustee process. But as the time of payment was not alleged to be material, the trial upon the indictment was bound to proceed upon the basis that it was not material. In order to warrant a conviction upon this indictment, it was necessary to prove that the testimony was given and that that part of the testimony which is alleged to be material was false.

He could be convicted upon the falsity of no other part of his

testimony than his statement of payment, because the other parts, relating to time, place, and details attending the payment, are not alleged to be material. If he made the payment at any time before he testified, there was under the indictment no material falsity in the testimony, not even if the payment was after the service of the trustee process. If he made the payment at any place, in any manner, or under any circumstances, no matter how different from his statement, he could not be convicted, for the fact of a payment is the only fact alleged to be material. To quote from the bill of exceptions, the court told the jury that " if before the justice the respondent claimed that he was not chargeable as trustee, and claimed his discharge on the ground that he had paid Joseph A. Myrick at White River Junction on the day they (the sheep) were started, and he testified he did *so* pay, and that was false and he knew it to be false, it was perjury, and the verdict should be guilty." This gave the prisoner no chance for acquittal unless he had paid the debt just as he claimed, as to place, and occasion, and time, even though he paid it at some other time before the service of the trustee process, much less if he paid it after. And the court proceed to add that they called the attention of the jury to the averments as to what the respondent swore, and that it was false, putting it to the jury to find whether the averments were proved by the evidence beyond a reasonable doubt. By thus pointing the jury to the averments as to the testimony and not to the averments as to what was material, the jury would inevitably be led to regard all this testimony as equally material. So if he testified that he paid on a certain day at White River Junction, and he did not pay on that day at White River Junction, he would be convicted whether the debt was paid at another time or not. The question of falsity was submitted on the broad ground of the averments as to the testimony given, when it should have been limited to what was averred to be material. It is urged that there was no evidence of any payment except at White River Junction on the day named. The very testimony for which the respondent was under indictment was in the nature of evidence to prove the truth of what was material in it. It is upon this ground that more than one witness

is required to convict of perjury. Nor does this testimony cease to be evidence of the material fact in it as alleged in the indictment by proving that the immaterial part of it is false. When a man testifies that he paid a debt on a particular day, that testimony is not necessarily destroyed in force by showing that he could not have paid it on that day. The material fact may still be true. The same remarks are applicable to the receipt, and. farther, the payment by note running to Danforth J. Myrick was not such a payment as to be totally disregarded and withdrawn from the consideration of the jury.

The material fundamental question in this case, as alleged in the indictment, was whether Trask had paid Myrick for the sheep before Trask testified. Unless the government established that it was not paid before that time, the prosecution could not be sustained, and the question was submitted to the jury, so far as can be judged by the exceptions, without reference to this fundamental question.

II. We think there is another ground of error in this case. The respondent's testimony was by way of disclosure as a trustee. The statute in express terms requires this testimony, whether called out by the one party or the other, to be in writing. Gen. Sts., 307, § 13, 14, 15. A part of this disclosure was taken in writing. The indictment is based upon oral testimony given upon the same occasion. Upon a trial for perjury before PARK, J., reported in 25 E. C. L., 447, the prosecution proposed to prove the oral testimony, a part having been taken in writing, and the offer was refused. When a part of the testimony is written, the witness may not understand that what he says or remarks orally is evidence. Again, if the witness corrects or recants his falsehood before signing, he is not guilty of perjury; and in this case he is dismissed without being called on to sign, while having given a part of his testimony in writing he may have expected the whole would be so taken before it was relied on or considered. The testimony is not perfected.

Thus incomplete in a case in which the statute expressly requires the whole to be written, it was not testimony which the court was bound to consider, even if they might do so. In the ordinary case

of a witness called to give a deposition, it would not be claimed that perjury could be predicated upon the statements of the witness, even in answer to inquiry while under oath, unless they were incorporated in the deposition. Here there was a deposition by way of disclosure, and the testimony complained of was not incorporated in it and the statute requires it to be in writing, as in the case supposed. It is true that in one case the trier of the fact is not necessarily present, though he may be the justice taking the deposition. But in the other, if the trier weighs the oral testimony, he weighs testimony which, by statute, is not only irregular and informal, but, in contemplation of law, incomplete until reduced to writing and signed by the trustee. We do not think the crime of perjury can be predicated upon it.

III. There is in this case a motion in arrest. If we say that it would make no difference if the whole disclosure were taken orally instead of being a part in writing as in this case, the indictment might be bad for not containing an allegation that the testimony was in writing; but as the points we have decided are fatal to the prosecution, it is not important that we express any opinion upon the sufficiency of the indictment, and we reserve that question without decision and dispose of the case upon the other exceptions. The result is, a new trial is granted unless under the ruling of the court the state's attorney prefers to enter a *nol. pros.* at this time.

*Nol. pros.* entered.