# Peterson *v.* The State.

*Indictment for Perjury.*

1. *Sufficiency of indictment.*—An indictment for perjury committed on a trial for a felony, which follows the statutory form (Code, § 4813; Form No. 41, p. 995), is sufficient.

2. *Sufficiency and relevancy of evidence.*—To authorize a conviction for perjury, there must be two witnesses, or one witness with strong corroboration; and when the perjury charged consists of alleged false testimony given under oath as a witness on a trial for perjury, while it is competent for the prosecution to prove contradictory statements, as to the same facts, made by the defendant when examined as a witness before the grand jury, a conviction can not be had on proof of these former statements, unless their truth is substantiated by other evidence.

3. *Requisites of charges to jury.*—Charges asked should be "clear and

[Peterson v. The State.]

explicit, easy of interpretation, and not liable to mislead;" and when wanting in these requisites, they may properly be refused.

4. *Oath of petit jury.*—A recital in the judgment-entry that the jury was "duly sworn," or "sworn according to law," without more, is sufficient; but, where the recital is that the jury was "sworn and charged well and truly to try the issue joined," without more, this does not show a substantial compliance with the statutory oath (Code, § 4765), and the error will work a reversal of the judgment.

From the Circuit Court of Butler.

Tried before the Hon. Jno. P. Hubbard.

The indictment in this case charged, in a single count, that, before the finding thereof, "Josh Peterson, on his examination as a witness, duly sworn to testify, on the trial of one Jane Cauthen in the Circuit Court of Butler county, under an indictment charging that Thomas Norris, a negro man, and Jane Cauthen, *alias* Jane Cauthorn, a white woman, did intermarry, or live in adultery or fornication with each other, which court had jurisdiction to administer such oath, falsely swore that he did not know any thing about any acts of adultery or fornication committed by the said Jane Cauthen and Thomas Norris; that he did not know any thing about their being married together; that he never saw any thing wrong between them; that he never saw the said Thomas Norris about the house where the said Jane lived, any more than other men; the matters so sworn to being material, and the testimony of the said Josh Peterson being willfully and corruptly false." No objection to the indictment was made in the court below, so far as the record shows, and the trial was had on issue joined on the plea of not guilty. On the trial, as the bill of exceptions shows, the State introduced several witnesses who testified as to the defendant's testimony on the trial of said Jane Cauthen and Thomas Norris in the Circuit Court, substantially as alleged in the indictment; and then introduced several members of the grand jury by whom the indictment against said Jane and Thomas was found, and who testified to inconsistent statements made by him, when examined as a witness before the grand jury. The defendant objected to the admission of this evidence as to his testimony before the grand jury, and reserved exceptions to the overruling of his several objections. The bill of exceptions purports to set out all the evidence, but it does not show that any evidence whatever was introduced as to the truth of the defendant's statements when examined as a witness before the grand jury; or any evidence as to the falsity of his testimony on the trial, except his former testimony before the grand jury.

The defendant requested the following charges to the jury: "1. If, in looking at the testimony in the case, including the testimony of the defendant before the grand jury and in the

Circuit Court, the jury are satisfied the outside circumstances and testimony tend as much, or more, to show that the testimony given by the defendant in the Circuit Court was correct, as it tends to show that the testimony given by him before the grand jury was correct, then the jury should acquit." 2. "There can not be a conviction of perjury, unless the evidence of two witnesses, or of one witness with strong corroborating circumstances, proves the falsity of the matter spoken and charged to be false; and the oath of the defendant before the grand jury is not sufficient for one of those witnesses." The court refused each of these charges, and the defendant excepted to their refusal.

GAMBLE & RICHARDSON, for the appellant, cited Wharton's Amer. Crim. Law, vol. 3, § 2275; Bishop's Crim. Law, vol. 2, § 1044; Roscoe's Crim. Ev., vol. 1, p. 834, mar.; Clark's Manual, § 1248.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The indictment in the present case charges the defendant with the commission of the felony denounced by section 4112 of the Code of 1876. It strictly pursues form 41, on page 995 of the Code, designed for this identical offense, and is sufficient.

The charge is, that the defendant, in giving his testimony on the trial of Thomas Norris and Jane Cauthen, in the Circuit Court, committed the alleged perjury. The witness had been examined before the grand jury in the same case, and it was sought to be shown that the testimony thus first given was true; that that given on the final trial was materially different, and that the latter was willfully and corruptly false. There was no count, or charge, based on his testimony before the grand jury. Hence, to obtain a conviction, it was necessary to convince the jury, by that measure of proof required in criminal cases, that on the trial in chief, and in a matter material to the issue, the defendant had testified to that which was willfully and corruptly false. There can be no conviction of the crime of perjury, on the unaided testimony of a single witness. This would be oath against oath. There must be two witnesses, or one with strong corroboration.—1 Greenl. Ev. § 257; Clark's Manual, § 1248. This corroboration, to be sufficient, must be of the very act—the *corpus delicti*—the giving of material testimony which is willfully and corruptly false. And when, as in this case, it is alleged the accused has made two sworn statements which are in irreconcilable conflict, if there is no strong corroboration of one of the versions, how

[Peterson v. The State.]

can it be affirmed the other is false? Previous contradictory statements, made with or without oath, may be very important evidence, in connection with other circumstances, against the accused; but, no matter by how many witnesses the different and conflicting statements may be proved, this is not corroborative proof of the *corpus delicti*. The offense charged is the willfully false denial of knowledge of certain criminating facts, against Norris and Cauthen. Corroboration should be of such a nature as would tend to prove the existence of such criminating facts, and the defendant's knowledge of their existence. This would tend to prove the alleged first testimony was true, and the latter false. This would be corroboration of the truth of the testimony of one witness—his alleged testimony before the grand jury; and if sufficiently strong and convincing, would authorize the jury to find the falsity of the second testimony, and to convict the defendant.—1 Greenl. Ev. § 259. Let it be remembered, we are dealing with an indictment, which charges perjury only in the testimony last given. The Circuit Court did not err in admitting testimony of what the defendant testified before the grand jury.

The charges asked were correctly refused. The first, while probably intending to embody the principle stated above, is so involved, as that it is difficult to understand it. Charges should be clear and explicit, easy of interpretation, and not liable to mislead.—*Hughes v. Anderson,* 68 Ala. 280; *Bay Shore R. R. Co. v. Harris,* 67 Ala. 6.

The last clause of charge 2 is not correct. There is no rule of law which declares, that a sworn statement of one charged with perjury, made at another time, different from his testimony which is charged to be willfully and corruptly false, and on which his conviction is sought, may not be given in evidence against the accused, as tending to sustain the charge made against him. By itself, as we have said, it is not sufficient; for it is only oath against oath, and, at most, would leave the mind in doubt which was the true, and which the false version. It is testimony, however—the testimony, either of one witness, or of corroboration—and it can not be affirmed, as matter of law, that it "is not sufficient for one of the witnesses." Its sufficiency is a question for the jury, under proper instructions.

The oath of the jury in this case is precisely in the form which was held insufficient in *Storey's case,* 71 Ala. 329; and for that error, the judgment must be reversed. We have many times ruled, that it is sufficient if the judgment-entry affirms the jury was "duly sworn," or "sworn according to law." This is a very simple rule, and can be easily conformed to. Still, we find it often disregarded. It would seem some

remedy ought to be devised for this, either by the legislature, or by a closer scrutiny of clerical work.

Reversed and remanded. Let the accused remain in custody, until duly discharged.