7829. MALLARD *v.* THE STATE.

BROYLES, J. 1. Ordinarily, before one can be legally convicted of the offense of perjury, there must be two witnesses to prove the charge, or one witness with corroborating circumstances. Penal Code, § 1017. This rule, however, applies only to cases in which oral evidence is relied on to convict, and where one oath is placed against another. In such a case it is essential that the "equilibrium of the evidence" should be overcome by still another oath, or by corroborating circumstances. The rule does not apply to a case (like the one at bar) where the proof of the crime is necessarily based upon circumstantial evidence. United States *v.* Wood, 14 Peters, 430 (10 L. ed. 527); People *v.* Doody, 172 N. Y. 165 (64 N. E. 807). Therefore it was not error for the court (especially in the absence of a timely written request) to fail to instruct the jury that "to convict of the offense of perjury, the testi-

mony of two witnesses, or of one witness supported by such circumstances of corroboration as the jury may consider necessary for that purpose, is required before you would be authorized to convict the defendant."

2. In view of the counter-showing made by the State, it does not appear that the trial judge abused his discretion in overruling the ground of the motion for a new trial based upon alleged newly discovered evidence.

3. There was no error in admitting in evidence the original deed about which the defendant was alleged to have committed perjury, it being plain that the discrepancy between the original deed and the alleged copy in the indictment was a mere clerical error in setting out a wrong name in one portion of the indictment, the correct name being given in another part of the indictment; nor was the original deed inadmissible in evidence for the reason that it had on its back a memorandum of record which was not set forth in the indictment. The court properly held this discrepancy to be immaterial. Nor was the same paper inadmissible because it was a land deed, had no official witness to it, was not recorded, and did not show in what county it was executed. The nature of the paper about which the alleged perjury was committed was wholly immaterial. None of these objections could affect the validity of the deed, or prevent it from being put upon record, upon the proper affidavit being made; and, in determining whether perjury was committed as to the deed, it was immaterial whether it was recorded or unrecorded.

4. Whether the State shall be allowed, after the evidence for the defense is all in, to introduce further evidence, which is not strictly in rebuttal, is a matter within the sound legal discretion of the court. In this case it does not appear that the judge abused his discretion in refusing to rule out the testimony complained of in the 6th ground of the amendment to the motion for a new trial.

5. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Wade, C. J., concurs.*

DECIDED DECEMBER 21, 1916.

Indictment for perjury; from Worth superior court—Judge Cox. June 3, 1916.

*Ragan & Maire,* for plaintiff in error.

*R. C. Bell,* solicitor-general, *F. A. Hooper & Son, J. H. Tipton, Perry & Williamson, R. S. Foy, C. W. Monk, Mark Tison,* contra.