No. 24,622.

THE STATE OF KANSAS, *Appellee,* v. D. C. WILHELM, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Subornation of Perjury—Necessary Proof.* In a prosecution for the subornation of perjury it is necessary that the one alleged to have been suborned testified falsely on a material issue and that the accused knew that the suborned person would testify to a fact knowing it to be false, and it is held that the evidence in the present case was sufficient to meet these requirements.

2. SAME—*Whether Perjury Was Committed May Be Established by Competent Circumstantial Evidence.* Whether or not the one charged with perjury testified falsely when he stated that he did not remember a fact and did not recognize or identify a person he had arrested and had identified in his testimony in a former hearing, may be established by competent circumstantial evidence.

3. SAME—*Evidence Sustains Conviction of Subornation of Perjury in Procuring a Witness to Testify Falsely.* The evidence examined and held to be sufficient to sustain a conviction of the defendant that he willfully and corruptly procured a witness to testify falsely on a matter material to a point in question in a judicial proceeding.

4. SAME—*No Abuse of Discretion in Denying Defendant's Motion for Change of Venue.* The court should not grant a change of venue in a criminal case on the ground of the prejudice of the judge unless such prejudice is made clearly to appear, and in deciding the question the personal knowledge of the judge as to the state of his mind is not to be ignored. It is held that there was no abuse of discretion or error in denying defendant's motion for a change of venue.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed October 6, 1923. Affirmed.

*Eustace Smith,* of Hutchinson, for the appellant.

*C. B. Griffith,* attorney-general, *John F. Rhodes,* assistant attorney-general, and *H. F. Brown,* county attorney, for the appellee; *William H. Burnett,* of Hutchinson, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: D. C. Wilhelm was charged with and convicted of the subornation of perjury, and appeals.

Two contentions are made upon the appeal, one that the evidence was insufficient to sustain the conviction and the other that there was error in the denial of an application for a change of venue. In the information it was charged that the defendant instigated and procured George Tannehill to commit perjury while testifying at the trial of Bert Hayden for the offense of stealing an automobile. It appears that Tannehill was an officer of the city of Wichita, who arrested Hayden. At the preliminary hearing on November 4, 1920, Tannehill testified and identified Hayden as the man he arrested in the stolen car on October 17, 1920. At the trial of Hayden in the district court in September, 1921, Tannehill was called and sworn as a witness and after testifying to having made the arrest and of having positively identified Hayden at the preliminary hearing, he stated that he did not know him and could not identify him. That case was dismissed because of the lack of testimony of identity and Tannehill and the defendant were immediately arrested, Tannehill on the charge of perjury and Wilhelm, the defendant, upon the charge of subornation of perjury. Tannehill was convicted and did not appeal from the judgment. In the succeeding term of court the defendant was tried and convicted on the charge of subornation of perjury. Testimony was offered to the effect that defendant had proposed that he could get Tannehill to change his testimony, stating that a conviction of Hayden could not be obtained if Tannehill could not identify him. There was testimony that the defendant had approached relatives of Hayden offering to get Tannehill to commit perjury for certain sums of money. Hayden, it appeared, had employed an attorney to defend him, and on the morning of the day of the trial, defendant and Tannehill came to the place of trial, went to the office of Hayden's attorney, and Wilhelm in the presence of Tannehill told the attorney that T. was a friend of his and he could get him to change his testimony and that the prosecution could not go ahead if Tannehill did not identify Hayden. Defendant then

The State v. Wilhelm.

inquired of friends of Hayden where the father of Hayden could be found; that they wanted a conference with him. Defendant and Tannehill visited the attorney for Hayden again just before the trial and said to him, "You want us to go ahead and change that testimony?" The attorney replied that he did not, as Hayden would admit that he was the one Tannehill arrested with the car. The defendant and Tannehill then insisted that they could clear Hayden, Tannehill saying, "I won't identify him, and they can't make me identify him." The defendant then said to the attorney, "If you were charged with a felony and you had a million dollars, wouldn't you give half of it to be cleared?" and the attorney replied, "No, I would give it all." But the attorney advised Tannehill not to change his testimony, saying that his testimony was already a matter of record, and in the presence of both, the attorney said to them, "Hayden will admit he was the man that was arrested with the car." In the conversation defendant asked the attorney if the father of Hayden did not have property and was not pretty well fixed, and if "I didn't think the old man would give him a pretty good piece of change if he got this boy off."

It is contended that the evidence does not show that Tannehill, whom defendant was charged to have suborned, actually committed perjury. It was necessary for the prosecution to prove that Tannehill willfully testified falsely on a material point of inquiry and that the defendant knew that Tannehill, whom he is alleged to have suborned, would willfully testify to a fact knowing it to be false. (21 R. C. L. 276.) Respecting the testimony of Tannehill, he could not be guilty of perjury if he was mistaken as to the fact testified to, or if he was honest in his belief and statement that he did not recognize Hayden, or was unable to identify him. It is argued that the identification was a matter of the intelligence, vision, perception, and memory of the witness, and that there was no direct or positive evidence that the witness was able to identify Hayden. It is not easy to obtain direct evidence that a witness did remember a fact or recognize a person and it devolved on the state to establish the affirmative of the issue. However, it may be shown by circumstantial evidence that the witness did commit perjury by showing that he did recognize a person or remember a material fact when he testified that he did not. In *People v. Doody*, 172 N. Y. 165, 172, the accused had given testimony at a former trial and in the subsequent trial and in answer to questions as to facts upon which he

had formerly testified, stated that he could not remember. The court held that the charge of perjury in that he did remember the facts, although he then testified he could not, might be sustained by circumstantial evidence. It was said:

"There was no witness produced upon this trial who could swear that the defendant knew and remembered the facts which were the subject of inquiry. That issue had to be determined upon circumstantial proof. The question for the jury was whether it was true, as the defendant pretended, that in the space of a few days his mind had become a perfect blank with respect to the facts which the questions called for. He had testified to them all before the grand jury, and on the former trial and on other trials only a very brief time before he was examined. Moreover, they were all brought to his attention two or three days before he was called as a witness by the district attorney when his former testimony was read to him from the records of these trials and which he then pronounced correct. The jury could determine from all this whether the defendant told the truth when he said that he did not remember any of the facts embraced in the questions, or whether on that occasion his answers were willfully and corruptly false." (p. 172.)

Whether Tannehill did recognize Hayden and could have identified him was difficult to prove, but if the circumstantial evidence offered was sufficient to convince the jury that his evidence was willfully false, the charge of perjury was made out. (*Ex parte Metcalf*, 8 Okla. Crim. Rep. 605, Note in 44 L. R. A., n. s., 513; *State v. Richardson*, 248 Mo. 563, Note in 44 L. R. A., n. s., 307.)

There was no evidence of an admission by Tannehill that he could have identified Hayden, but the circumstances disclosed are quite convincing and were sufficient to satisfy the jury that his testimony was willfully false. He was present at the interviews with the attorney of Hayden in which it was proposed that he would change his testimony from that formerly given, not because he could not recognize Hayden, but because they could not make him testify to his identity. In the interviews he did not express any doubts or lack of ability to recognize Hayden as the man he had arrested, but it was rather that he was willing to withhold identification and give contrary testimony in order to clear him. He had knowledge of the negotiations to obtain money for the change of testimony and helped in bargaining for the withholding of testimony of identity. It is not shown that money was offered or given to Tannehill to commit perjury, but the circumstances strongly tend to show the motive and intent and that the testimony he gave at the trial was willfully and corruptly false.

The State v. Wilhelm.

The evidence as to the part taken by defendant in procuring the giving of false testimony was abundantly sufficient. The charge of subornation of perjury is a separate offense and the testimony of a single credible witness is sufficient to establish it. In *Stone v. The State*, 118 Ga. 705, the court, after stating that perjury, and subornation of perjury were separate crimes, said:

"The suborner's act is not committed by means of his oath, and one witness is sufficient to establish what he did: *State v. Renswick*, 85 Minn. 19, 88 N. W. 22. It is, however, necessary to show that the person suborned did actually commit the crime of perjury, and as to that portion of the case the court properly charged that the general rule as to perjury would apply, and two witnesses, or one witness and corroborating circumstances, would be necessary to establish the fact of perjury." (p. 717).

There was no lack of proof to establish the crime charged against the defendant and he had played his part in the transaction when the acts of subornation were committed before the false testimony was given.

The contention that the court erred in denying the motion for a change of venue is based on the sole claim that the trial judge was prejudiced against the defendant, and the ground for the claim was that the court had suggested the prosecution of the defendant in open court at the trial of Hayden. Nothing more than this circumstance was relied on to show prejudice of the judge. On the other hand, it is frankly stated by counsel for defendant that "in his rulings and in his instructions to the jury he was eminently fair." The judge was not warranted in granting the change of venue because the defendant believed and asserted in an affidavit that he could not have a fair trial before the judge. "A change of venue in a criminal prosecution is a wrong to the public, unless the necessities of justice to the accused require it." (*The State v. Stark*, 63 Kan. 529, 66 Pac. 243.)

The judge knows the state of his own mind better than any one else can and his personal knowledge in respect to his qualification is not to be ignored. If he is conscious that he is free from prejudice and believes that the statements of the affiant are unfounded he ordinarily should refuse the change. The statute provides that a change may be granted where the judge is prejudiced (Gen. Stat. 1915, § 8087) and such prejudice must be made clearly to appear. (*The State v. Morrison*, 67 Kan. 144, 72 Pac. 527; *In re Smith*, 73 Kan. 743, 85 Pac. 584; *The State v. Tawney*, 81 Kan. 162, 105 Pac.

218.) A court should not grant a change of venue in a criminal case upon the ground of the prejudice of the judge unless such prejudice is made clearly to appear, and in deciding that question the personal knowledge of the judge as to the state of his own mind is entitled to consideration.

In making the ruling the judge stated that he was not conscious of any prejudice against the defendant and he therefore denied the motion. The suggestion of a prosecution of Tannehill and the defendant when their conduct in the Hayden case was brought to his attention is not of itself deemed sufficient to show prejudice or disqualification of the judge, nor can it be held that there was any abuse of the discretion with which the court was vested or error in denying the motion for a change of venue.

The judgment is affirmed.