THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLYDE ALKIRE, Plaintiff in Error.

*Opinion filed April 23, 1926.*

1. CRIMINAL LAW—*perjury may be established by one witness.* The direct testimony of one witness to perjury, confirmed or corroborated by testimony as to material circumstances, may warrant a conviction.

2. SAME—*when evidence is not sufficient to establish perjury.* The charge that the defendant perjured himself by denying, on cross-examination in his trial for burglary and larceny, that he signed a certain receipt for the hire of an automobile at a certain hour, is not established by the testimony, alone, of expert witnesses that the signature to the receipt is the same as the defendant's signature to his recognizance, where there are no other circumstances or positive testimony identifying the defendant as the party who signed the receipt or connecting him with the burglary and larceny.

WRIT OF ERROR to the Circuit Court of Logan county; the Hon. STEVENS R. BAKER, Judge, presiding.

A. M. FITZGERALD, JOHN G. FRIEDMEYER, C. EVERETT SMITH, and H. C. MOORE, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, EVAN WORTH, State's Attorney, and VIRGIL L. BLANDING, (HAROLD F. TRAPP, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was found guilty in the circuit court of Logan county of the crime of perjury and brings the cause here for review.

It is contended the court erred in admitting certain exhibits and in the giving and refusing of instructions, and that there is not sufficient evidence in the record to justify a verdict of guilty.

The indictment charged that plaintiff in error, together with four other persons, (naming them,) was tried in the circuit court of Logan county under an indictment charging the five defendants with the burglary of a hardware store owned and operated by Charles and Mildred Stahl, located at Elkhart, Illinois, and the larceny of certain guns, knives and other property; that on the trial plaintiff in error testified to an alibi that he was at his home in Springfield during all that time, and it is charged that his testimony was material to the issues in the burglary and larceny trial to determine whether he was at home or whether he was engaged in the crime of burglary. The indictment also charges that plaintiff in error falsely swore that on the night of December 25, 1923, (the date of the burglary,) he did not hire an automobile in Springfield and sign his name to the receipt therefor.

It appears from the record that someone had committed the crime of burglary by entering Stahl's store at Elkhart between the hours of 12:10 and 5:00 o'clock in the morning of December 26, 1923. The property taken from this store was afterwards recovered by police officers in Springfield from the rooms of Eddie Holtzman. The evidence shows that at about 11:30 on the evening of December 25, 1923, someone hired a Ford sedan from the Springfield Hire-a-Car Company and signed the receipt therefor "Clyde Alkire." John W. Brown and L. E. VanHesley testified concerning the renting of the car that they rented it to Clyde Alkire, but neither would identify plaintiff in error as the person who rented the car.

Eddie Holtzman, in whose possession the stolen property was found, was put on the witness stand and testified that four men brought the property to his place of residence in Springfield, and while he at first stated in his testimony that Clyde Alkire was outside the building in or near a car, he later swore than he could not tell whether it was Alkire or not; that he did not see him; that Parks, Walker and

Fagan carried the property up to his room. While it is evident that no credence whatever is to be placed in Holtzman's testimony, neither he nor anyone else identified Alkire as being with the party. The only testimony in the record which connects Alkire with the burglary or tends to establish that he testified falsely when he testified to an alibi, is the testimony of three witnesses who are bankers in the city of Lincoln and who qualified as experts in handwriting, and testified that in their opinion the name signed to the receipt for the car hired in Springfield on the night of December 25, 1923, and plaintiff in error's admitted signature to his recognizance bond, were written by the same person. Plaintiff in error, on the other hand, offered two witnesses who testified that they were with him in Springfield between nine o'clock P. M. December 25 and 12:10 A. M. December 26, when they left him at his home.

Rose Renne, mother of plaintiff in error, testified that he arrived at home a little after twelve; that she gave him some water to bathe his foot; that he went up-stairs and retired for the night; that she slept down-stairs and was up at five the next morning, and that she awakened him about nine the next morning. The testimony of Brown was that the car was hired at 11:30 on the evening of December 25.

On the burglary trial plaintiff in error took the stand and testified on cross-examination that he did not sign the receipt for the car which bears the name "Clyde Alkire," and it is claimed that because there is no direct evidence that he did sign that receipt, the only evidence being the testimony of those who compared the handwriting, there was not sufficient proof, under the law, to sustain a verdict of guilty on a perjury charge. It is contended that a charge of perjury must be supported by at least two witnesses giving direct testimony. This was formerly the rule, but that rule has been relaxed, so that now the direct testimony of one witness to perjury, confirmed or corroborated by tes-

timony as to material circumstances, may warrant a conviction. *People* v. *Niles,* 295 Ill. 525; *Hereford* v. *People,* 197 id. 222; *Mackin* v. *People,* 115 id. 312.

It is urged by the People that the rule generally adopted in this country is that perjury may be proven by circumstantial evidence, alone, as in case of other crimes. In Greenleaf on Evidence (vol. 1, sec. 258,) it is said: "The principle that one witness with corroborating circumstances is sufficient to establish the charge of perjury, leads to the conclusion that circumstances, without any witness, when they exist in documentary or written testimony, may combine to the same effect; as they may combine altogether unaided by oral proof, except the evidence of their authenticity, to prove any other fact, connected with the declarations of persons or the business of human life," etc. Counsel for the People cite in support of this contention a large number of cases from courts of eminent authority in this country. Whether the rule heretofore adopted in this State should be extended is not a matter material to be considered here, for, even though such were the rule in this State, the record in this case does not sustain a conviction. There is no fact or circumstance proven in this case to in any way corroborate the testimony of the expert witnesses that the signature on the receipt for the automobile and on the recognizance bond were made by the same person. No fact or circumstance is established in this record that connects plaintiff in error with the robbery or the hiring of the automobile at the time the receipt therefor was signed. While it may well be urged that there is a strong suspicion that witnesses for the State are not telling the truth concerning their knowledge of who signed this ticket and whether or not plaintiff in error was involved in the burglary, the fact remains that there is no direct testimony whatever in this record proving the guilt of plaintiff in error of the charge made against him. Nor is the evidence of the circumstances of sufficient weight to justify his conviction. It is necessary, in any event, that

plaintiff in error be proven guilty, beyond all reasonable doubt, of the charge against him. The fact that the State is required to make its proof largely through unreliable and untruthful witnesses, while unfortunate, does not change the rule of law. The verdict was not justified by this evidence.

Other contentions need not be considered.

The judgment is therefore reversed.

*Judgment reversed.*