THE STATE v. EARL B. EWEN.

Decided February 9, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the plaintiff in error, *H. Byron Lore.*

For the state, *Thomas G. Tuso,* prosecutor of the pleas.

PER CURIAM.

The defendant was convicted on an indictment charging him with perjury in giving false testimony at a trial held in the Court of Common Pleas of Cumberland county, in which he was the defendant and one Pincus was the plaintiff. The rights of the parties in that litigation turned upon the existence of a receipt which the defendant claimed had been given to him by Pincus for the moneys which the latter sought to recover. Ewen testified that the receipt had been signed by Pincus, and the latter, after some hesitation, testified that he had not signed it. The specific charge in the indictment was that Ewen had sworn falsely in the civil suit with relation to the signing of the receipt.

On the trial of the indictment the prosecutor offered the record of the testimony taken in the civil suit. He then called an expert, who testified that the signature to the receipt was not in the handwriting of Pincus. The state did not see fit to call Pincus himself, but rested after the testimony of the expert had been given. The defendant denied on the witness stand that he had ever signed this receipt him-

self (as was contended by the state), and that, on the contrary, it had been signed by Pincus.

The case comes up under the one hundred and thirty-sixth section of the Criminal Procedure act, and the principal ground for reversal is that the verdict of guilty is against the weight of the evidence. We think this is plainly the fact. The rule with relation to a trial on a perjury indictment is that a conviction cannot be justified unless there is the direct testimony of one witness as to the commission of the crime and that testimony is supported by corroborating circumstances. The testimony of the expert that the signature to the receipt is not that of Pincus, and, by necessary inference, that the defendant testified falsely upon this point in the civil suit, is not supported by any corroborating circumstances, nor was it attempted to be so supported, except by the offering in evidence of the record in the civil suit. But that record shows that the verdict of the jury was in favor of the defendant, which was a practical declaration by it that the defendant, and not Pincus, was telling the truth with relation to the signing of the receipt.

Our conclusion is that, for the reason indicated, the conviction should be reversed and the case retried.