STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ERNEST ELLISON, PLAINTIFF IN ERROR.

Submitted October 12, 1934—Decided January 21, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
BODINE.

For the plaintiff in error, *William E. Sandmeyer.*

For the defendant in error, *William A. Wachenfeld* and
*Felix Forlenza.*

BODINE, J. The defendant below appeals from a convic-
tion of suborning perjury. The case grows out of an action
to recover damages suffered by one Redman by reason of an
automobile accident. The defendant was an attorney's inves-
tigator. He is said to have met one Calkins, whóm he had
known for years, and to have procured him, for a price, to
testify in the accident case about matters of which he did
not know. Calkins testified in the proceeding that his testi-
mony in the tort action was false and inspired by the defend-
ant. The only possible corroborative circumstance that Cal-
kins' testimony in the tort action was in fact false was Red-
man's testimony that at that trial the defendant requested
him to leave the court room while Calkins testified.

"The corroboration which the law requires is proof of the
independent facts or circumstances which taken and consid-
ered together tend, in confirmation of the testimony of the
single witness, to establish the falsity of the oath." *State*
v. *Lupton,* 102 *N. J. L.* 530, 535.

In a prosecution for subornation of perjury there seem to
be two issues, first, was perjury committed, and secondly,
was it committed at the instigation of the defendant under
indictment.

In *Roscoe's Criminal Evidence* 775, 776, it is said that,
"in general the proof of the perjury will be the same as upon

an indictment for perjury, against the witness who perjured himself; and even if the latter has been convicted, it will not, as it seems, be sufficient, against the party who has suborned him; to prove merely the record of the conviction; but the whole evidence must be gone into as upon the former trial."

In 2 *Bishop's New Criminal Procedure*, § 1022, the author says that subornation of perjury is in fact a particular sort of perjury; that the indictment follows the principle stated under perjury; that the perjury solicited must be actually committed, and that the evidence must sustain that averment, the record of conviction not being alone adequate. He adds: "Nor again, can there be a conviction as to such person's testimony as to this part of the case, unless it is corroborated."

The question in this case is the adequacy of proof of the falsity of Calkins' testimony in the civil action. To justify the conviction there must be corroboration of the matter alleged to be false. *Hammer* v. *United States*, 271 *U. S.* 620. The circumstance that defendant requested Redman to retire while Calkins gave his testimony hardly tends to establish the falsity of that testimony. It is a mere isolated circumstance which has no bearing whatever upon the falsity of the oath. The falsity of the testimony must be supported by facts and circumstances independent of the oath of a single witness. If Calkins had not testified that he had given false testimony, the case would have been utterly barren. The only probative facts were contained in Calkins' testimony and corroboration of the falsity of his testimony is entirely lacking. The principle that there must be more than proof by one witness to establish the falsity of an oath is too well settled in our law to be lightly disturbed.

The conviction will be set aside.