STATE *v.* MARTHA WOOLLEY.

February Term, 1937.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed May 4, 1937.

56

*Ernest W. Gilson, Jr., (A. Luke J. Crispe* on the brief) for the respondent.

*Ernest F. Berry,* State's attorney, for the State.

MOULTON, J.   This case comes here upon exceptions by the respondent following her conviction of the crime of perjury. It is alleged in the information that she swore falsely when a witness for the State at the trial of Howard Moody for the murder of her husband, Prosper Woolley, by testifying that she did not see Moody knock her husband down and did not see him choke him.   Moody was acquitted of the charge of murder, but found guilty of an assault.   The first question arises under the respondent's exception to the denial of her motion for a directed verdict, made at the close of all the evidence. The grounds for the motion might well have been stated with more particularity, but we think that it was sufficiently explicit to cause the court to understand the issue sought to be raised, which was the absence of the direct testimony of at least one credible witness, with corroboration, showing the falsity of the respondent's testimony.   That the testimony was material to the issue in the Moody case is not denied.

The evidence upon which the State seeks to uphold the verdict tended to show the following facts:   (1) That Moody and Woolley engaged in an altercation upon the porch of the latter's home, during which blows were struck.   (2) That after Moody

had left the scene, Woolley was found lying on the floor of the porch in a dying condition, although his death was not caused by asphyxiation or strangulation, but by heart failure brought on by excitement and physical exertion. (3) That he had certain abrasions and marks upon his head which might have been caused by blows of a fist, and other abrasions upon his arms and shoulders of a type which would be caused by striking or sliding against a hard surface. (4) That there was a discoloration on his neck, but no indentation, and a small internal hemorrhage in the neck muscle, which could have been caused by the hard pressure of a thumb. (5) That the respondent was the only other person in or about the house, and that she was, at least a part of the time, on the porch or where she could see the contestants through the window. (6) That, soon after the altercation, she stated to several witnesses who came to the house that Moody knocked her husband down and choked him, and, later on, said the same thing to the officers who came to interview her; and signed a written statement to that effect, and, still later, testified under oath, at the inquest, that Moody knocked him down, but did not, to her recollection, choke him.

■■ The ancient rule which required, as a basis for a conviction of perjury, the testimony of two credible witnesses swearing directly to the falsity of the matter concerning which it was claimed that the accused was forsworn, and which, as Mr. Wigmore tells us (Wigmore, Evidence (2d ed.), par. 2040), was a rule of the ecclesiastical law adopted by the common law upon the abolition of the Court of the Star Chamber and the transfer of its jurisdiction to the King's Bench, has long since been relaxed, and it is now held that the testimony of one such witness, corroborated by the testimony of another or by circumstances, is sufficient, if thereby the crime is proved beyond a reasonable doubt. *Commonwealth* v. *Rutland,* 119 Mass. 317, 324; *Commonwealth* v. *Parker,* 2 Cush. (Mass.) 212, 223; *State* v. *Campbell,* 93 Conn. 3, 104 Atl. 653, 656; *State* v. *Ewen,* 6 N. J. Misc. 151, 140 Atl. 449, 450; *State* v. *Lupton,* 102 N. J. Law, 530, 133 Atl. 861, 863; *Woodward* v. *State,* 198 Ind. 70, 152 N. E. 277, 278; *People* v. *Alkire,* 321 Ill. 28, 151 N. E. 518, 519; *State* v. *Courtright,* 66 Ohio St. 35, 63 N. E. 590, 591; *People* v. *Henry,* 196 App. Div. 177, 187 N. Y. S. 673, 676; *Schwartz* v. *Commonwealth,* 27 Grat. (Va.) 1025, 21 A. R. 365, 366; *Peterson* v. *State,*

58

74 Ala. 34, 36; *Pressley* v. *State*, 18 Ala. App. 40, 88 So. 291. 293; *Tindall* v. *State*, 99 Fla. 1132, 128 So. 494, 497; *Gordon* v. *State*, 158 Miss. 185, 128 So. 769; *Botner* v. *Commonwealth*, 219 Ky. 272, 292 S. W. 805, 806; *United States* v. *Wood*, 14 Pet. 430, 438-440, 10 L. ed. 527, 531-533; 1 Greenleaf, Evidence (16th ed.), par. 257; Wigmore, Evidence (2d ed.), par. 2042; 2 Wharton, Criminal law (12th ed.), par. 1585; Underhill, Criminal Evidence (4th ed.), par. 757; annotations 15 A. L. R. 634; 85 A. D. 499; and see *State* v. *Chamberlin*, 30 Vt. 559, 564, 571. This, however, is the irreducible minimum where oral evidence is relied upon, and a conviction cannot be sustained upon the testimony of one uncorroborated witness. *State* v. *Trask*, 42 Vt. 152, 156, 157; *State* v. *Sargood*, 80 Vt. 415, 421, 68 Atl. 49, 130 A. S. R. 995, 13 Ann. Cas. 367; *Hammer* v. *United States*, 271 U. S. 620, 626, 70 L. ed. 1118, 46 Sup. Ct. 603, 604; *State* v. *Ellison*, 114 N. J. Law, 237, 176 Atl. 338; and see *State* v. *Bissell*, 106 Vt. 80, 95, 170 Atl. 102.

Whether evidence of circumstances giving rise to an inference of the falsity of the alleged perjured testimony is sufficient to support a conviction of the crime is a question upon which there is a conflict of authority. Many decisions, and perhaps the weight of authority, hold that positive and direct evidence is necessary, and circumstantial evidence, standing alone, is not enough. *Allen* v. *United States* (C. C. A.), 194 Fed. 664, 39 L. R. A. (N. S.) 385; *Clayton* v. *United States* (C. C. A.), 284 Fed. 537, 539; annotations 15 A. L. R. 634, 27 A. L. R. 857, 42 A. L. R. 1063. That the testimony must be direct and positive is stated in *People* v. *Alkire, supra; Woodward* v. *State, supra; Commonwealth* v. *Parker, supra; State* v. *Ewen, supra;* and other cases.

On the other hand, in a number of jurisdictions the rule has come to mean "hardly more than the common law rule that the defendant must be proved guilty beyond a reasonable doubt." *Kahn* v. *United States* (C. C. A.), 214 Fed. 55, 56, cert. den. 234 U. S. 763, 58 L. ed. 1581, 34 Sup. Ct. 997. In *Hann* v. *State*, 185 Ind. 56, 113 N. E. 304, 306, it is said "The direct evidence contemplated is not limited to a denial in *ipsissmis verbis* of the testimony given by the defendant, but includes any positive testimony of a contrary state of facts from that sworn to by him at the former trial, or which is absolutely

incompatible with his evidence, or physically inconsistent with the facts so testified to. This evidence must be of such character as to exclude every other reasonable hypothesis except that of the defendant's guilt * * *. If the evidence is composed of testimony as to certain circumstances, which, although they be accepted as true, are not absolutely irreconcilable with the testimony of the defendant, any reasonable possibility which remains unnegatived, and which reconciles the circumstances shown with the statement in question, should be resolved in favor of the defendant and innocence.'' See, also, *People* v. *Follette*, 74 Cal. App. 178, 240 Pac. 502, 512. Sometimes circumstantial evidence is of such character as to be virtually positive or direct (*Maines* v. *State*, 26 Tex. App. 14, 9 S. W. 51, 53), and it is said in *Marvel* v. *State*, 3 W. W. Harr. (Del.) 110, 131 Atl. 317, 319, 42 A. L. R. 1058, that the line between direct and circumstantial evidence is at times most shadowy; that evidence held to be direct by some courts is considered to be circumstantial by others; and that this is responsible for a part of the contrasting opinion.

There are two recognized exceptions to the rule that circumstantial evidence is not sufficient to support a conviction of perjury. One is where the respondent has sworn to matters, the falsity of which is not in its nature susceptible of direct proof, such as his recollection, knowledge or the intent with which he did an act. *People* v. *Doody*, 172 N. Y. 165, 64 N. E. 807, 808; *State* v. *Wilhelm*, 114 Kan. 349, 219 Pac. 510, 511; *State* v. *Faulkner*, 175 Mo. 546, 75 S. W. 116, 127; *Mallard* v. *State*, 19 Ga. App. 99, 90 S. E. 1044; *Allen* v. *United States, supra;* and see 1 Greenleaf, Evidence (16th ed.), par. 258. The other is where the falsity may be shown by the respondent's own letters, or other documents found in his possession and treated by him as containing evidence of the facts stated by him, or where there is a public record well known by him when he took the oath. *United States* v. *Wood, supra* (p. 533, L. ed.); *Hammer* v. *United States, supra; Phair* v. *United States* (C. C. A.), 60 Fed. (2d) 953, 954; 1 Greenleaf, Evidence (16th ed.), par. 258; 2 Wharton, Criminal Law (12th ed.), par. 1587.

In an increasing number of jurisdictions it is held that a conviction may be sustained upon circumstantial evidence, when corroborated, if thereby the respondent's guilt is established by

the degree of persuasion required in all criminal cases. *Marvel v. State*, 3 W. W. Harr. (Del.) 110, 131 Atl. 317, 319, 42 A. L. R. 1058; *State v. Cerfoglio*, 46 Nev. 332, 205 Pac. 791, 213 Pac. 102, 27 A. L. R. 848, 853, 854; *Wolford v. Commonwealth*, 218 Ky. 420, 291 S. W. 366, 367; *Rex v. Natanson* (1927), 3 Dom. L. Rep. 308, 315; *Ex parte Metcalf*, 8 Okla. Crim. Rep. 605, 129 Pac. 675, 44 L. R. A. (N. S.) 513, 521. In Texas, under a statute requiring two witnesses or one witness strongly corroborated, circumstantial evidence is held to be sufficient. *Miles v. State*, 73 Tex. Cr. Rep. 493, 165 S. W. 567, 569; *Maroney v. State*, 45 Tex. Cr. Rep. 524, 78 S. W. 696, 697. And in *Plummer v. State*, 35 Tex. Cr. Rep. 202, 33 S. W. 228, it is said: "We hold that the falsity of the statement can be established by circumstantial evidence, but this must be done by the testimony of at least two credible witnesses, or by one credible witness strongly corroborated, as the law requires. In all criminal cases, the guilt of the accused can be established by circumstantial evidence. Why cannot the falsity of a statement in a perjury case be established by the same character of evidence? The difference between other cases and perjury cases is this: While one witness may be sufficient to establish the guilt of the accused in other cases, the law requires two credible witnesses, or one credible witness strongly corroborated, in perjury cases. It is not the character of the proof that is contemplated by the statute, but the number and character of the witnesses." The cited statute, as we have seen, is declaratory of the common law rule. In *State v. Storey*, 148 Minn. 398, 182 N. W. 613, 15 A. L. R. 629, 632, 633, wherein, as Mr. Wigmore says (Wigmore, Evidence (2d ed.), par. 2041), cogent reasons have been given for believing that the quantitative theory of testimony has outlived its usefulness, the Court, after reviewing the authorities holding that direct evidence was necessary, said: "The question is a new one in this State and we are at liberty to choose the rule which appeals to us as being most consonant with reason. Notwithstanding the high authority, above cited, we are of opinion that the rule laid down is out of harmony with our system of jurisprudence. In our opinion it is one of the rules of the common law inapplicable to our situation and 'inconsistent with our circumstances,' and hence not to be followed * * *. We find ourselves unable to approve the doctrine that perjury is a more heinous crime than murder, or

that one charged with perjury should have greater immunity than one charged with murder * * *. The lightness with which, we are pained to say, the oath of a witness is too often treated, does not warrant us in making conviction of the crime of perjury most difficult of all crimes of which State Courts have jurisdiction. We hold that perjury may be proved by circumstantial evidence, if proof is made beyond reasonable doubt, as in the case of other crimes." See, also, annotations 44 L. R. A. (N. S.) 513, 15 A. L. R. 639, 27 A. L. R. 857.

■ In Vermont, as in Minnesota, when the Storey case came before the court, the question is a new one. Nothing in our previous decisions precludes us from an examination of the subject, and the adoption of the rule which appears to be the more rational and fitted to our circumstances and the spirit of our jurisprudence. In *State* v. *Chamberlin,* 30 Vt. 559, 564, 571, the jury were instructed that it was incumbent on the government to prove the falsity of the facts sworn to by the respondent by testimony equivalent at least to that of two credible, unimpeached witnesses, and that they must be convinced beyond a reasonable doubt and by a preponderance of evidence over and above one credible witness to balance the defendant's oath at least fully equal to that of one credible, unimpeached witness. All that the opinion contains relative to this instruction is this: "We see no objection to the charge of the Court and it seems to have been as favorable to the prisoner as the nature of the case would allow." In *State* v. *Trask,* 42 Vt. 152, 156, 157, and *State* v. *Sargood,* 80 Vt. 415, 421, 68 Atl. 49, 130 A. S. R. 995, 13 Ann. Cas. 367, the principle is laid down that a conviction cannot be had upon the uncorroborated testimony of a single witness. In *State* v. *Bissell,* 106 Vt. 80, 95, 170 Atl. 102, there is an implied endorsement of what was said in the Trask and Sargood cases.

■ These decisions deal only with the number of the witnesses and the required corroboration, and do not touch the nature and substance of the testimony as given. By P. L. 1234 we need apply only such rules of the common law as are applicable to our local situation and circumstances and not repugnant to the Constitution or laws. We have, it is true, set our approval upon the modern variant of the quantitative theory of proof in prosecution for perjury, inconsistent as it is with the rules pre-

vailing in other cases, but we perceive no need to carry the inconsistency further. It is much more consonant with our system of jurisprudence to permit proof of perjury to be made by circumstantial evidence, which may be, and often is, quite as convincing as direct testimony. A prosecution for perjury ought not, in reason, to be hedged about with technical rules which do not apply to prosecutions for other and quite as serious crimes. It should not be necessary to produce a different sort of evidence to prove the falsity of an oath than to prove the commission of a homicide. We are impressed with, and adopt, the reasoning in the Storey and Plummer cases, above quoted, as being applicable to our situation and circumstances, and in harmony with the general principles of law.

■ It is well settled that previous inconsistent statements by the respondent, whether on oath or not, whether oral or written, are not alone sufficient to support a conviction of perjury. *Clayton* v. *United States* (C. C. A.), 284 Fed. 537, 540; *State* v. *Burns,* 120 S. C. 523, 113 S. E. 351, 25 A. L. R. 414, 415; *State* v. *Brinkley,* 123 Ark. 240, 185 S. W. 279; *Peterson* v. *State,* 74 Ala. 34, 36; *Waters* v. *State,* 30 Tex. App. 284, 17 S. W. 411, 413; *Commonwealth* v. *Bradley,* 109 Pa. Super. 294, 296, 167 Atl. 471; *State* v. *Buckley,* 18 Or. 228, 22 Pac. 838, 839; *Miles* v. *State,* 73 Tex. Cr. Rep. 493, 165 S. W. 567, 569; annotations 25 A. L. R. 416, L. R. A. 1917C, 954, and cas. cit.; 2 Wharton, Criminal Law (12th ed.), par. 1583. It is said in 1 Greenleaf, Evidence (16th ed.), par. 259: ''If the evidence adduced in proof of the crime of perjury consists of two opposing statements of the prisoner, he cannot be convicted. For if one only was delivered under oath it must be presumed, from the solemnity of the sanction, that that declaration was the truth and the other an error or falsehood * * *. And if both the contradictory statements were delivered under oath, there is still nothing to show which one of them is false, where no evidence of the falsity is given.'' However, such conflicting statements are competent evidence in corroboration of the testimony of other witnesses. *Commonwealth* v. *Bradley,* 109 Pa. Super. 294, 297, 298, 167 Atl. 471, 472; *Commonwealth* v. *Parker,* 2 Cush. (Mass.) 212, 224; *Hereford* v. *People,* 197 Ill. 222, 64 N. E. 310, 315; annotation L. R. A. 1918E, 928, and cas. cit.

■■■ 63

■ ■ So here we have circumstantial evidence, given by witnesses whose credibility is not questioned, tending to show the facts claimed by the State to be true, corroborated by the several statements made by the respondent. There was, as we have seen, evidence, necessarily circumstantial, from which the jury were justified in finding that Woolley was knocked down and choked by Moody. The respondent was the only other person present. The falsity of her testimony that she did not see these acts take place was not in its nature susceptible of direct proof, under the rule heretofore mentioned, as laid down in *People* v. *Doody, supra; State* v. *Wilhelm, supra; State* v. *Faulkner, supra; Mallard* v. *State, supra; Allen* v. *United States, supra;* and *Rex* v. *Natanson, supra.* The testimony given by the respondent was not, in effect, a categorical denial, but that while she saw the contestant's striking or slapping one another, she did not remember the knocking down or choking, and had no recollection of making the statements attributed to her. She did not deny the truth of her testimony at the inquest. In passing upon the question raised by the motion for a verdict we take the evidence in the most favorable light for the State and exclude the effect of modifying evidence. It cannot be said that there was no evidence fairly and reasonably tending to show respondent's guilt, or that the jury, whose province it was to construe and weigh it, would not have been justified in finding her guilty beyond a reasonable doubt. *State* v. *Pierce,* 103 Vt. 383, 387, 154 Atl. 675. We find no error in the denial of the motion.

■ ■ The respondent excepted to the admission in evidence of her sworn statements at the inquest. All that was said in taking the exception was that, under the allegations in the information, the evidence was irrelevant and immaterial. A general objection upon this ground is not sufficiently explicit, unless it is apparent, on the face of the question or offer, that the evidence cannot be material or relevant in any state of the case. *Herrick* v. *Holland,* 83 Vt. 502, 503, 508, 77 Atl. 6; *Doyle* v. *Melendy,* 83 Vt. 339, 345, 75 Atl. 881; *Townshend* v. *Townshend,* 84 Vt. 315, 319, 79 Atl. 388. That the evidence was material and admissible in corroboration of the other evidence, we have already seen. No error appears.

■ In presenting the defense, respondent's counsel made an offer "of these fifty-eight pages of her testimony given before

the grand jury as bearing on any question of intent as bearing on the falsehood here.'' There is nothing in the transcript or exhibits which shows the nature of the testimony relied upon, or what bearing it could have upon the question of intent. The offer was too general to be availing. It was not sufficiently explicit to give the trial court to understand the materiality of the offered evidence, and for this reason, if for no other, no error is made to appear. *Read & Davis* v. *Reynolds,* 95 Vt. 45, 47, 112 Atl. 359; *Stevens & Baldwin* v. *Sayers,* 82 Vt. 324, 326, 73 Atl. 817. No relevant fact appears to have been brought to the attention of the court. *Gregg* v. *Willis,* 71 Vt. 313, 318, 45 Atl. 229; *Mullin* v. *Flanders,* 73 Vt. 95, 98, 50 Atl. 813; *Seeley* v. *C. V. Ry. Co.,* 88 Vt. 178, 182, 92 Atl. 28. Certainly no record is presented to us which causes error affirmatively to appear in the ruling. *Higgins, Admr.* v. *Metzger,* 101 Vt. 285, 296, 143 Atl. 394.

When the State offered in evidence the transcript of the testimony given by the respondent at the Moody trial, respondent's counsel insisted that if any part of it were admitted, all of it, including the cross-examination, should be received, but objected upon the ground that it was not material or relevant to the issue raised by the information, and said, ''We say that none of it, your Honor, is admissible under the information filed and on trial here, for various reasons and under the status of the case as it now stands.'' That the exception taken under this indefinite objection is unavailing is too clear to require more than a reference to *Morgan* v. *Gould,* 96 Vt. 275, 279, 119 Atl. 517; *State* v. *Marino,* 91 Vt. 237, 242, 99 Atl. 882; and *Higgins, Admr.* v. *Metzger, supra.* In the respondent's brief it is claimed that it was error to admit the transcript without limiting it to the question of materiality, but, as this was not the objection stated in the trial court and is raised here for the first time, it is not for consideration. *State* v. *Stacy,* 104 Vt. 379, 410, 160 Atl. 257, and cas. cit. Some claim is made that the attorney general made an improper use of this evidence in his argument, but the record fails to show what he said, and no exception was taken to it. Consequently we give no attention to the matter.

In the charge to the jury, the court referred to the claimed statements made by the respondent to the officers and

others as admissions, and evidence of the facts. An exception was taken to this instruction, and it is insisted that whatever was said by her was a mere statement, and not an admission. Whatever distinction in meaning may be apparent to the purist, it is not important here, since the jury could not have been misled. The statements, being in conflict with the respondent's testimony at the Moody trial, were, as we have seen, competent, corroborative evidence tending to show that the facts were otherwise than as she had sworn them to be. No error appears.

All questions raised have been considered.

*Exceptions overruled. Let execution be done.*