## A. Emilo Building Supply, Inc. v. R. E. Bean Construction Co., Inc., Middlebury Associates and Middlebury Developers, Inc. and Union Pacific Insurance Co.

[503 A.2d 528]

No. 83-634

Present: **Hill, Peck and Hayes, JJ., and Barney, C.J. (Ret.), and Costello, D.J. (Ret.), Specially Assigned**

Opinion Filed August 9, 1985

*John C. Deppman*, Middlebury, for Plaintiff-Appellee.

*Fitts, Olson, Carnahan, Anderson & Bump*, Brattleboro, for Defendant-Appellant.

**Barney, C.J.** (Ret.), Specially Assigned. The plaintiff, A. Emilo Building Supply Company, was awarded funds from the proceeds of a certain bond paid into Addison Superior Court by United Pacific Insurance Company. That order was based on a summary judgment obtained without contest by the plaintiff against the defendant R. E. Bean Construction Company. This appeal challenges as insufficient the legal footing for that disbursement. We find the challenge well founded and reverse.

This case is but a part of extended litigation relating to the construction of a shopping center in Middlebury, Vermont, by two associated entities, Middlebury Associates and Middlebury Developers, Inc. The defendant R. E. Bean Construction Company was the prime contractor and A. Emilo Building Supply Company one of a number of subcontractors. Most of the subcontractors filed mechanic's liens and joined R. E. Bean Construction Company in suing the Middlebury developers. This is the litigation reported in *R. E. Bean Construction Co.* v. *Middlebury Associates*, 139 Vt. 200, 428 A.2d 306 (1980). See also *R. E. Bean Construction Co.* v. *Middlebury Associates*, 142 Vt. 1, 451 A.2d 1096 (1982).

This particular plaintiff did not join that litigation and had no part in it, nor did it assert any claim against the Middlebury entities. Instead, it brought its own lawsuit against Bean Construction, trusteeing the Middlebury entities and also United Pacific Insurance Company. United Pacific Insurance Company was on the scene as the underwriter providing the bond that secured the release of the mechanic's liens in *R. E. Bean Construction Co.* v. *Middlebury Associates, supra,* 142 Vt. 1, 451 A.2d 1096, and *R. E. Bean Construction Co.* v. *Middlebury Associates, supra,* 139 Vt. 200, 428 A.2d 306.

The suit of this plaintiff was brought in 1975 and alleged a claim of something over $6500. With trustee process sought against the Middlebury entities and United Pacific Insurance Company the court issued an approving order. We are concerned with the one involving United Pacific, in which the court directed that a copy of the order be attached to the original bond already on file in Addison Superior Court. Two months later, under a stipulation in which this plaintiff joined, the previous United Pacific bond was replaced by a new one. The stipulation provided that an order for trustee process might issue against the new bond and the prior order for trustee process against the original bond should cease to be in effect. The same provision relating to the affixing of a copy of the order to the original of the new bond applied.

In June of 1977 A. Emilo Building Supply petitioned for summary judgment against R. E. Bean Construction. There being no dispute or contest the motion was granted and judgment rendered. At about the same time a new party, U. S. Fidelity and Guaranty Company, petitioned and was granted leave to intervene. It filed an answer stating, among other things, that it held no goods, effects or credits belonging to R. E. Bean Construction, but that, on the contrary, as of January 1975 all sums, claims, demands and causes of action, past, present or future, belonging to R. E. Bean Construction had been assigned to U. S. Fidelity and Guaranty. This assignment had been duly recorded when made in the Middlebury Town Clerk's office and with the Secretary of State. A part of that assignment provided that R. E. Bean Construction would be the agent of U. S. Fidelity and Guaranty to handle and control the prosecution of all claims of others against the R. E. Bean Construction Company.

This litigation then became quiescent for six years. In the meantime the litigation against the Middlebury entities was going forward in state court, in arbitration, in federal court and back in state court, with R. E. Bean Construction and the lienholding subcontractors carrying it on. As already noted, the plaintiff was not a party to this litigation and did not seek to be.

Finally, in 1983, the Addison Superior Court issued an order sounding in contempt against the Middlebury entities, by virtue of which some of the money due in the final arbitration decision of 1982 was deposited in that court under the terms of the previously-noted judgment bond filed by the United Pacific Insurance Company.

Thereupon the plaintiff, A. Emilo Building Supply, moved to again transfer the trustee process in its case to the arbitration funds now paid into court. The motion was singularly successful from the plaintiff's point of view. The court ordered payment of the plaintiff's summary judgment in full out of the arbitration funds not required for the claims of the subcontractor lienholders, funds nominally awarded to R. E. Bean Construction Company. It is this order that is under appeal here.

The trial court did not justify its action under trustee process, but on the terms and purposes of the bond given by United Pacific Insurance Company to release the liens in the arbitrated case. In reaching its decision the court below quoted the breadth of the undertaking in the first bond, referring to the phrase that suggested protection for "all other subcontractors and materialmen which may finally be determined by a court of competent jurisdiction or by arbitration to have a valid claim against [Middlebury]." In effect, the trial court treated the plaintiff as if it were a party in the Middlebury litigation.

■ Putting aside the troublesome fact that the plaintiff never has asserted any claim against the Middlebury entities, and never was a party in any way to the litigation in which the bond was filed, there is yet another difficulty. The language upon which the court relied is not in the bond under which the deposit in court was made, nor is there anything comparable in that bond. The operative instrument was the second bond, substituted with the consent of all, including the plaintiff. Every party to which payment might be authorized is named in that bond, and A. Emilo Building Supply Company is not among them. However strong the lower court might have felt the equities were in favor of the

plaintiff, no authority has been shown to exist to allow payment outside the express terms of the bond. The award as made by the court cannot be supported.

It is here that the plaintiff comes forward to argue that the company's claim can be validated under trustee process. It is of some significance that the lower court did not, even as an alternative, rest its result on this ground, because it clearly is not available.

The trustee process remedy invoked by the plaintiff intrudes on property rights, including those of third parties. That being so, it is carefully hedged about with requirements representing the protections of due process. To denigrate these procedures as technicalities is neither wise nor professional, since the legislature has found them essential to the full protection of both creditors and debtors. See *First Wisconsin Mortgage Trust* v. *Wyman's, Inc.*, 139 Vt. 350, 353, 428 A.2d 1119, 1121 (1981).

Simply put, the plaintiff seeks to have available to satisfy its claim against the defendant assets and credits due to the defendant by those joined as trustees. Within limits the law of trustee process permits this provided certain procedures are carried out, but not otherwise.

Under the provisions of 12 V.S.A. Chapter 121 and V.R.C.P. 4.2 trustee process can be implemented simultaneously with or after the filing of a complaint in a contract action. The trustee portion of the process is a special form of attachment, invoked by a motion and hearing under V.R.C.P. 4.1(b)(2). If supportive findings are made by the court an order of approval may authorize the issuance of a summons directed to and to be served upon the named trustee. This service of process is the procedural device by which the court assumes the authority to reassign to the plaintiff assets of the trustee that are subject to a bona fide claim of the defendant. In this case matters never went beyond the order of the court approving issuance of trustee process against United Pacific Insurance Company. No summons was requested, issued or served as provided by V.R.C.P. 4.2(c) and (d). The putative trustee was therefore never brought under the jurisdiction of the court in the sense that it was bound to make a disclosure or be adjudged trustee by default, nor given any opportunity to raise any issues relating to the true state of any debtor-creditor relationship between itself and the defendant.

This compulsion and opportunity do not exist unless the legal preliminaries noted above are carried out. The service on the trustee is more than notice, it is the invocation of a particular authority provided by the statute. Once triggered by the required service, the issues center on the disclosure. 12 V.S.A. § 3064 requires that it be under oath. Failure to disclose brings liability. 12 V.S.A. § 3062. Failure to challenge a disclosure of no goods, effects or credits of the defendant in hand exonerates the trustee. 12 V.S.A. § 3064. The plaintiff is given extensive rights to interrogate or examine the trustee, whether or not assets are disclosed. 12 V.S.A. §§ 3064, 3065. Again, all of this is part of the general due process sensitivity required where a third party's resources are made available to a stranger to the indebtedness.

■ In this case none of these privileges and protections were ever invoked procedurally by the plaintiff. No summons was ever obtained from the court clerk nor service of the same made on United Pacific Insurance Company, so as to make operable the disclosure requirement. Without completion of the process to the point of disclosure no valid judgment can issue against any trustee assets. Thus the plaintiff cannot prevail here on any theory of trustee process. The plaintiff is not aided by resort to the statement in *R. E. Bean Construction Co.* v. *Middlebury Associates, supra,* 139 Vt. at 216, 428 A.2d at 316, where the Court in its entry order speaks of "claimants of record with trustee process as determined by the court" since the action here never matured to valid trustee process, whatever the significance of the entry in other particulars.

This disposition of the case makes it unnecessary to pass upon the claim of U. S. Fidelity and Guaranty Company that there could be no trustee process here because of its claim to be the true owner of all of the assets of the defendant, R. E. Bean Construction Company.

*The order of the Addison Superior Court for payment to A. Emilo Building Supply Company dated December 7, 1983, is stricken; the summary judgment in favor of A. Emilo Building Supply Company against R. E. Bean Construction Company, Inc. is affirmed; let the defendants and the trustee recover their costs.*