## Michael J. Sullivan v. R. E. Bean Construction Co., Inc., Middlebury Developers, Inc., Middlebury Associates, United Pacific Insurance Co., and United States Fidelity and Guaranty Co.

[515 A.2d 1063]

No. 83-633

Present: **Hill, Peck and Hayes, JJ., and Keyser, J. (Ret.) and Daley, J. (Ret.), Specially Assigned**

Opinion Filed August 8, 1986

*John R. Barrera* of *Conley & Foote*, Middlebury, for Plaintiff-Appellee.

*Fitts, Olson, Carnahan, Anderson & Bump*, Brattleboro, for Defendant-Appellant.

*Olin R. McGill Jr.* of *Kelley & Meub, Ltd.*, Middlebury, for Trustee-Appellee Middlebury Associates.

**Peck, J.** This is an appeal of two orders of the Addison Superior Court disbursing to plaintiff, Michael J. Sullivan, funds from a bond paid into the court by United Pacific Insurance Company (United Pacific) as surety for two associated entities—Middlebury Developers, Inc. and Middlebury Associates (referred to herein collectively as the Middlebury developers). We reverse.

## I.

This case is yet another chapter in the litigation stemming from construction of a shopping center in Middlebury, Vermont by the Middlebury developers. The defendant, R. E. Bean Construction Company (R. E. Bean), was the general contractor. Plaintiff Sullivan, A. Emilo Building Supply, Inc. (A. Emilo), and several other companies were subcontractors.

R. E. Bean, along with subcontractors possessing perfected mechanic's liens against the Middlebury developers, initiated litigation which ultimately resulted in an arbitration award in favor of R. E. Bean and the subcontractors. These developments are reported in *R. E. Bean Construction Co.* v. *Middlebury Associates,* 139 Vt. 200, 428 A.2d 306 (1980), *aff'd after remand,* 142 Vt. 1, 451 A.2d 1096 (1982). The above-mentioned bond paid into the Addison Superior Court was to satisfy the Middlebury developers' obligations as they would eventually be adjudicated in the cause of action then pending, that is, in the matter which went to arbitration. Another subcontractor, Pike Industries, did not become involved in the arbitration but prevailed against the Middlebury developers in litigation detailed in *Pike Industries, Inc.* v. *Middlebury Associates,* 136 Vt. 588, 398 A.2d 280 (1979), *aff'd after remand,* 140 Vt. 67, 436 A.2d 725 (1980).

Plaintiff and A. Emilo pursued another means of debt collection. Neither perfected mechanic's liens against the Middlebury developers, and neither was a party to the arbitration. Instead,

each first obtained an uncontested judgment against R. E. Bean who had failed to compensate them for work they completed as subcontractors. Then, although not parties to the arbitration, they sought to collect their judgments from monies awarded to R. E. Bean by the arbitrators. Their collection vehicle was trustee process. In *A. Emilo Building Supply, Inc. v. R. E. Bean Construction Co.*, 146 Vt. 198, 503 A.2d 528 (1985), we summarized A. Emilo's involvement in the matter. The procedural history of plaintiff's cause of action is, however, sufficiently different from A. Emilo's to merit separate discussion here.

■ The bond which United Pacific paid into the superior court and from which plaintiff now seeks to collect his judgment allowed certain named subcontractors to be paid funds from the bond if they had perfected mechanic's liens against the Middlebury developers. Although plaintiff took the initial step toward such a lien, he failed to take measures sufficient to perfect it. After the Addison Superior Court ordered dismissal of the lien, plaintiff pursued that remedy no further. Without a perfected mechanic's lien, plaintiff, although named in the bond as a potential recipient of its funds, was not, according to the terms of the bond, entitled to recover directly from the Middlebury developers and their surety, United Pacific. The lower court erred when it concluded otherwise.[1]

## II.

Plaintiff also contends that by means of trustee process he is entitled to part of what is due R. E. Bean from the funds held by the Addison Superior Court. Although the lower court failed to address this contention, plaintiff presents it as an additional ground for sustaining the court's order. This argument, however, fails for several reasons, all of which rest on statutory mandates.

For plaintiff to have acquired by trustee process part of what was due R. E. Bean, those monies must have been "due abso-

---

[1] As we noted in the present appeal's companion case, *A. Emilo Building Supply, Inc. v. R. E. Bean Construction Co.*, supra, 146 Vt. at 201, 503 A.2d at 530, "[t]he operative instrument was the second bond" which had been substituted for an earlier one. As in the *A. Emilo* case, here also the superior court has erroneously relied in part on language in the initial (albeit inoperative) bond. *Id.* This reliance on inapplicable language in the earlier bond led the superior court to conclude incorrectly that subcontractors like A. Emilo and plaintiff might recover from the Middlebury developers even without perfected mechanic's liens.

lutely and without contingency at the time of the service of the writ [of trustee process]" upon each trustee. 12 V.S.A. § 3019; see *First Wisconsin Mortgage Trust* v. *Wyman's, Inc.*, 139 Vt. 350, 353-54, 428 A.2d 1119, 1122 (1981) (the debt reached "must be one actually owed to the defendant at the time of service of trustee process, or which comes into [the trustee's] hands before he files his disclosure"). Plaintiff twice commenced trustee process. The first trustee process was approximately two months before the arbitrators' award. Thus, it plainly was premature, occurring before a determination that money was due R. E. Bean. Plaintiff served his second motion for trustee process on the Middlebury developers, United Pacific, and United States Fidelity and Guaranty Company in March of 1977, the month following the arbitrators' award to R. E. Bean and the subcontractors with liens. This, however, did not mean that a debt became due absolutely and without contingency to R. E. Bean on the date of that award.

When R. E. Bean and the Middlebury developers decided to resolve their dispute through arbitration, they entered a stipulated agreement for submission to arbitration. That agreement provided that the Addison Superior Court could enter judgment on the arbitrators' award, but it allowed either party to "apply to the court for an order vacating the award or for an order modifying or correcting the award." Accordingly, the award in R. E. Bean's favor made in February of 1977 was subject to the court's approval or disapproval and thus was not a debt due absolutely and without contingency, as 12 V.S.A. §§ 3018 and 3019 require. The Addison Superior Court did not adjudge the Middlebury developers liable and adopt the arbitrators' award until after plaintiff had sought trustee process. Moreover, appeals addressing the merits of the case between R. E. Bean and the Middlebury developers did not conclude until 1982.[2] Trustee process was not available to plaintiff when he sought it.

Even if we were to conclude that the arbitrators' award was a debt owed absolutely and without contingency to R. E. Bean, our result here would be no different. Plaintiff did not follow the procedural requisites of the applicable statutes. He did not comply with the requirement of 12 V.S.A. § 3087 that he give surety for costs to trustees. According to the terms of § 3087, on noncompli-

---

[2] We express no opinion as to whether the debt owed R. E. Bean was also contingent during the period when the Middlebury developers' appeals were pending.

ance with its mandate, "the trustee shall be discharged." In addition, plaintiff did not examine trustees' disclosures that, at the time of service of plaintiff's summons to trustee process on them, they possessed no goods, effects, or credits due without contingency to R. E. Bean. Failure to examine such disclosures also results in discharge of trustees. 12 V.S.A. § 3064.

These statutory requirements are not mere technicalities that may be ignored. They are valuable safeguards built into the debt-collection process. As we recently emphasized, close adherence to their commands is necessary:

> The trustee process remedy invoked by the plaintiff intrudes on property rights, including those of third parties. That being so, it is carefully hedged about with requirements representing the protections of due process. To denigrate these procedures as technicalities is neither wise nor professional, since the legislature has found them essential to the full protection of both creditors and debtors.

*A. Emilo Building Supply, Inc.* v. *R. E. Bean Construction Co.,* *supra,* 146 Vt. at 202, 503 A.2d at 530 (citation omitted). Having failed to follow the statutory requisites, plaintiff cannot prevail on a theory of trustee process. See *id.* at 203, 503 A.2d at 531.

Thus, neither theory which plaintiff offers supports the superior court's action. We, accordingly, are persuaded by appellant's contention that the court erred.

*The orders of the Addison Superior Court for payment to Michael J. Sullivan dated October 24, 1983 and December 6, 1983 are reversed.*