STEVENS & BALDWIN *v.* J. M. SAYERS.

May Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed August 4, 1909.

*Deeds—Conveyance of Timber—Construction—Trial—Offer of Evidence—Too General.*

Defendant owning all the wood and timber on certain land only if he removed it before October 12, 1908, conveyed to plaintiffs the softwood timber with the right to remove it only before May 1, 1908, and later conveyed to them all his original right to the wood and timber, "excepting, however, the portion * * * already ·con-

veyed to said grantees." *Held* that the latter conveyance included defendant's right in the softwood between May 1, 1908, and October 12, 1908.

The offer merely to show "the surrounding circumstances and conditions" at the time a deed was made, as evidence that it included only the hardwood on the land, is too general to meet the requirement that an offer must be made in order to obtain an available exception to the exclusion of evidence.

TRESPASS QUARE CLAUSUM.   Plea, the general issue with notice.   Trial by court at the December Term, 1908, Orange County, *Miles,* J., presiding.   Judgment for the plaintiffs.   The defendant excepted.   The opinion states the case.

*Fred S. Wright* for the defendant.

*Smith & Smith* for the plaintiffs.

POWERS, J.   John S. Hanson owned a timber-lot in Newbury.   On Octobr 12, 1905, by a quitclaim deed, he conveyed to the defendant all the wood and timber standing thereon, with the right to enter upon the lot to cut and remove the same at any time within three years from said date.   It was stipulated in the deed, however, that the defendant was to have no title to any wood or timber not removed within the three years.

On January 4, 1906, the defendant, by his warranty deed, conveyed to the plaintiffs all the softwood and bass-wood which he acquired of Hanson.   This deed gave the plaintiffs the right to enter upon the lot to remove this timber at any time before May 1, 1908, but not after.

On October 4, 1907, the defendant gave the plaintiffs a warranty deed of certain wood and timber therein described as follows: "Certain wood and timber on land in Newbury * * * described as follows: All and the same wood and timber on land which was conveyed to me by John S. Hanson by his deed dated the twelfth day of October, A. D. 1905, * * * * excepting, however, the portion of said premises which have been already conveyed to said grantees."

In this deed was a reservation of certain hardwood logs, but this is not here involved.   On March 30, 1908, Hanson conveyed the land to the plaintiffs subject to "any right granted to take

off timber from said land.'' Thereupon, the plaintiffs went into possession of the land and have been in possession ever since.

In June, 1908, the defendant entered upon the premises and cut some balsam and spruce trees. It is on account of this cutting that this suit is brought.

The defendant's right to cut wood and timber under his deed from Hanson did not expire until October 12, 1908; but the right which he conveyed to the plaintiffs by his first deed expired May 1, 1908. He now claims that his right to such of the softwood and bass-wood as the plaintiffs failed to remove before May 1, 1908, was not covered by his second deed to the plaintiffs, and therefore he was within his rights when he did the cutting herein complained of. This depends, of course, upon the true meaning of the deed of October 4, 1907.

We are unable to agree with the narrow construction which the defendant puts upon this deed. Before it was executed, the defendant owned the hardwood on the lot, subject to the limitation as to time of removal, and he also owned the right to cut so much, if any, of the softwood and bass-wood as the plaintiffs should leave on the lot May 1, 1908, subject to the same limitation. But after the execution of his second deed, neither the hardwood nor his interest in the softwood and bass-wood remained. It all passed to the plaintiffs under that deed, the true meaning of which by fair construction is the same as if it read ''all the wood and timber not before conveyed.'' This is the effect of it if we write into it the provisions of the former deed,— as the defendant asks us to do.

The only exception to the exclusion of evidence which the defendant here relies upon is thus stated in the bill: ''* * * The defendant offered to show (2) That the deed itself (Oct. 4, 1907) in view of the surrounding circumstances and conditions at the time it was made, which conditions and circumstances defendant offered to show, would construe the deed to mean hardwood only.'' This offer was excluded and the defendant excepted. The offer was too general. What the particular circumstances and conditions were, is not stated in the offer. Nor does the offer indicate their character, and there is no way for us to determine whether or not they would shed any light on the true meaning of the deed. More

than all that, the deed itself is plain and unambiguous.    There is no occasion to resort to any facts outside the instrument itself to get at its true meaning.    Therefore there was no error in the exclusion of the offer.

*Judgment affirmed.*