## R. E. Bean Construction Company, Inc. v. Middlebury Associates and Middlebury Developers, Inc.

[451 A.2d 1096]

No. 227-81

Present: Barney, C.J., Billings, Hill and Peck, JJ., and
Larrow, J. (Ret.), Specially Assigned

Opinion Filed September 7, 1982

*Fitts, Olson, Carnahan, Anderson & Bump,* Brattleboro, for Plaintiff-Appellee.

*John A. Kelley,* Middlebury, and *Gross, Shuman, Brizdle, Laub & Gilfillan, P.C.,* Buffalo, New York, for Defendants-Appellants.

**Barney, C.J.** After seven years of litigation over a contract to build a shopping center in Middlebury, Vermont, the defendants bring their fifth appeal before this Court. See *Pike Industries, Inc.* v. *Middlebury Associates,* 136 Vt. 588, 398 A.2d 280 (1979), *aff'd after remand,* 140 Vt. 67, 436 A.2d 725 (1980), *aff'd on rehearing,* 140 Vt. 72, 436 A.2d 728 (1981) ; *R. E. Bean Construction Co.* v. *Middlebury Associates,* 139 Vt. 200, 428 A.2d 306 (1980). Once more we affirm the decision of the trial court.

The plaintiff, Bean, a general contractor, and the defendants, Middlebury Associates and Middlebury Developers, Inc., owner-developers, entered into arbitration proceedings in 1976 to resolve a contract dispute which arose in 1974 when Middlebury failed to pay Bean for its work on Middlebury's shopping center and Bean subsequently abandoned the job. The arbitrators held evidentiary hearings, and one of the key issues on which Bean sought to produce evidence was the percentage of completion of the project at various stages of construction and at the time it left the job.

Middlebury's lender had hired a New York engineering firm to oversee and formally report to it on progress at the construction site before funds were periodically released to Middlebury for payment to Bean. Bean, claiming that its work had been substantially completed, sought to submit these engineering reports to the arbitrator, but neither the lender nor the

engineering firm would release them directly to Bean without Middlebury's consent. Although throughout the hearing Middlebury claimed that they would request the reports from the lender and submit them when they were available, the reports were never furnished to the arbitrators, and Middlebury eventually forwarded to them instead a letter from their lender stating that it never released such reports. *Bean* v. *Middlebury, supra,* 139 Vt. at 213–14, 428 A.2d at 314.

After the evidentiary hearings were closed, and before the arbitration award was made, the plaintiff submitted to the arbitrator an affidavit from one of its officers stating that he had dealt with the defendants' consulting engineer and that the engineer had told him, before Bean ceased work on the project, that in his opinion the project was 95.5% complete. The officer further claimed that the engineer had told him that a principal of Middlebury had copies of the status reports in his possession. *Id.* at 214, 428 A.2d at 314. Bean submitted four architectural drawings along with the affidavit. *Id.*

Middlebury objected to the late evidence on the ground that its submission without an opportunity for rebuttal and cross-examination was prejudicial and requested a reopening of the hearings. The arbitrators did not respond to this request and announced an award of $333,261.53 to Bean. Middlebury took the matter to superior court on a motion to vacate the award, but the motion was denied on the trial court's finding that there was no indication that the arbitrators had relied on the late evidence in making their award. We reversed, noting that since the arbitrators had not expressly rejected the late evidence it had to be fairly assumed that it was considered, and remanded for a determination of whether (i) the evidence actually affected the award and (ii) Middlebury had had evidence which reasonably tended to rebut or modify the late evidence. *Id.* at 214–15, 428 A.2d at 314–15.

A hearing on the remand was scheduled in Addison Superior Court. Prior to the hearing Middlebury was notified that they would be expected to make an offer of proof at that time, and that if the offer was found meritorious additional time would be scheduled to take evidence. Middlebury made no objection to this procedure and filed written offers of proof consisting of a copy of a Vermont subpoena duces tecum ordering the New York engineering firm to produce its construction

status reports, and two documents entitled "offer of proof relative to rebuttal evidence" and "offer of proof that late evidence actually affected the award," each of which purported to list Middlebury's evidence on the issue.

The hearing was held on February 20, 1981, and took thirteen minutes. Middlebury supplemented their previously submitted offers of proof and requested an opportunity to cross-examine Bean's affiant and its architect. Bean argued the impropriety of Middlebury's offer of proof, consisting almost entirely, as it did, of proposed testimony by Middlebury's attorney, and further maintained that the offers of proof were too general under Vermont standards. It also questioned the sudden apparent availability, five years after the arbitrators' hearings, of the inspection status reports, as well as their materiality.

Middlebury's offer of proof, as amended, was that the report of the inspection taken just after Bean left the job would show a completion rate of 92.3%. Bean contended that this would not rebut the affidavit of Bean's officer that the engineer had *told him* that it was his opinion that the job was 95.5% complete, and that rebuttal evidence was specifically required by our remand order in *Bean* v. *Middlebury, supra.* In its brief Bean argues additionally that the two figures are substantially the same, especially in light of the fact that Middlebury had only paid out for a 50% completed job.

The trial court ruled that Middlebury had made no showing that they had evidence reasonably tending to modify or rebut the late evidence, or that the late evidence had actually affected the arbitrators' award. The award was affirmed in accordance with our order in *Bean* v. *Middlebury, supra,* and the present appeal followed.

Middlebury now makes three claims. First they maintain that our remand order was for a full evidentiary hearing with opportunity to cross-examine Bean's affiant and architect, and that such a hearing has not been held. Secondly they claim error in the trial court's conclusion that their offers of proof were too general and failed to modify or rebut the late evidence submitted by Bean. Their third claim, apparently one for "fairness," asks us to vacate the award or at least remand the cause on a statement of proceedings composed by Middlebury's attorney and offered gratuitously for the Court's use,

since no transcript of the proceedings before the arbitrators was made from which it can be conclusively demonstrated whether or not the late evidence affected the award. We consider the defendants' claims in the order they were raised.

 The first claim is quickly disposed of with a review of our previous decision in this case prior to remand. There we said:

> We cannot determine the extent of prejudice without knowing what evidence Middlebury would have brought forward if given an opportunity. At no time in these proceedings has Middlebury made any offer of proof of any such evidence.
>
> We hold that when challenging an arbitration award on the basis of submission of evidence after the hearing, the complaining party must demonstrate (i) that the evidence actually affected the award and (ii) that the complaining party had evidence which reasonably tended to rebut or modify the post-hearing evidence. These demonstrations will show whether or not the submissions harmed the complaining party. If the complaining party can make both demonstrations, the court should vacate the award.
>
> . . . [W]e remand the case to give Middlebury an opportunity to proffer evidence to show that the submissions substantially prejudiced its case. . . .
>
> The cause will be remanded for a hearing in the trial court to give Middlebury an opportunity . . . to establish that the evidence submitted after the hearing actually affected the arbitration award, and that at the time of Middlebury's objection, Middlebury had evidence that reasonably tended to rebut or modify the submitted evidence . . . .

*Bean* v. *Middlebury, supra,* 139 Vt. at 215–16, 428 A.2d at 315. Nothing in this language mandates a full evidentiary hearing or an opportunity to cross-examine. The clear intent of the remand is to give Middlebury an opportunity to show what they held by way of proof, at the time the late evidence was submitted, that the post-hearing submission substantially prejudiced their case.

In our first opinion we expressly indicate that an offer of proof will allow a determination of prejudice to be made. Our test requires no more than a showing that the defendant *had*

rebuttal evidence, not a submission of the evidence itself. Our very use of the word "proffer" demonstrates an interest in no more than an offer of proof. McCormick, Evidence § 51, at 110, n.7 (Cleary ed. 1972).

■■ The type of hearing scheduled and held by the trial court correctly interpreted our mandate. Utilization of an offer of proof is not limited to establishing a record for appeal, as Middlebury contends; it is appropriately demanded where a trial judge needs further opportunity to consider the admissibility of evidence. McCormick, Evidence § 51, at 110 (Cleary ed. 1972). Having indicated our awareness of the possibility that Middlebury may not have had any rebuttal evidence at all, or none that would help their case, *Bean* v. *Middlebury, supra,* 139 Vt. at 215, 428 A.2d at 315, we would not have expected more.

Nor do we find any merit in Middlebury's second claim that the trial judge committed error in ruling the offer of proof too general, and the evidence therefore inadmissible.

■ As even the defendants admit in their brief, an offer of proof must be specific and concrete. *Cushman* v. *Outwater,* 121 Vt. 426, 432, 159 A.2d 89, 93 (1960). It must indicate what further testimony or evidence will be introduced, to show what particular circumstances or conditions, and for what purpose it is offered. *Stevens* v. *Sayers,* 82 Vt. 324, 326, 73 A. 817, 817 (1909). An offer must be sufficiently explicit to give the trial court an understanding of the materiality of the offered evidence, *State* v. *Woolley,* 109 Vt. 53, 64, 192 A. 1, 6 (1937). These standards are generally taken to require that witnesses' names and addresses be given, that acts or items be specifically described, and that the matter to be proved be carefully delineated. I Wigmore, Evidence § 17, at 313–16 (3d ed. 1940). An exchange between the court and counsel is not enough. *Id.* at 314.

■ The defendants' offer of proof does not measure up. The subpoena named no specific witness to be called, referred only generally to a purported need for "all inspection reports and correspondence," and gave no hint of the matter sought to be proved. The offer of proof relative to rebuttal evidence, even as amended, offered only the testimony of counsel and

several unnamed "employees" and "representatives" of various firms and companies. Middlebury did note with some specificity what certain facts were proposed to be stated, but these were not linked purposefully to any ultimate issues in the case.

 The defendants Middlebury thus having failed to establish a defect in the nature of the proceeding below, or to come forward with an offer of proof demonstrating that they had evidence which reasonably tended to rebut or modify the late evidence, their third argument for remanding the case on their own statement of proceedings has no application.

A word more needs to be said, however, about Middlebury's request that we vacate the award out of "fairness." From beginning to end, this litigation has been conducted by the defendants with minimal regard for questions of fairness. Middlebury's adversaries, as well as the trial court, have repeatedly questioned the propriety of their counsel's conduct and ethics. See *R. E. Bean Construction Co.* v. *Middlebury Associates,* No. S104-74 Ac, slip op. at 2 (Addison Superior Court May 14, 1981).

If there was any problem with regard to the completeness of the record in this case it was not in the lack of a transcript of the arbitration proceedings, but was rather related to the defendants' purported inability to produce in a timely manner the inspection reports they now claim they can produce with a simple Vermont subpoena. It does not escape notice that the contrasting availabilities of this information parallel the advantage to Middlebury of its presence or absence.

The trial court was correct in amending and affirming the arbitrators' award in accordance with our entry order in *Bean* v. *Middlebury, supra.*

*Judgment affirmed.*