## R. E. Bean Construction Co., Inc. v. Middlebury Associates and Middlebury Developers, Inc.

[499 A.2d 764]

No. 83-517

Present: Hill and Peck, JJ., and Keyser, J. (Ret.), Costello, D.J. (Ret.), and Hayes, Supr. J., Specially Assigned

Opinion Filed July 26, 1985

*Fitts, Olson, Carnahan, Anderson & Bump,* Brattleboro, for Plaintiff-Appellee.

*William H. Meub* and *Olin R. McGill Jr.* of *Kelly & Meub, Ltd.,* Middlebury, for Defendant-Appellant.

**Hill, J.** This case involves an appeal from an order of the Addison Superior Court denying defendant's request for reconciliation of the judgments awarded in two cases, and holding defendant in contempt for failing to pay sums owed pursuant to one of the judgments. We affirm as to the reconciliation and reverse the order of contempt.

I.

Defendant's first claim involves its request for a reconciliation. Defendant was involved in two disputes which were separately resolved. Both disputes concerned the same construction project to build a shopping center in Middlebury. Specifically, they involved contracts between defendant, Middlebury Associates (Middlebury) who is the owner of the property, plaintiff, R. E. Bean Construction Co. (Bean) who is the general contractor and various subcontractors. The first dispute led to a suit against Middlebury, brought by Pike Industries, Inc. (Pike), a subcontractor hired to do paving work for the project. This suit was finally disposed of by this Court's decision in *Pike Industries, Inc.* v. *Middlebury Associates*, 140 Vt. 67, 436 A.2d 725 (1981). In that decision, we held that Middlebury was liable to pay Pike for the work Pike performed. *Id.* at 70, 436 A.2d at 727.

Bean sought to recover from Middlebury for work it performed as a general contractor. Pursuant to the contract between Middlebury and Bean, that matter was resolved by arbitration. The arbitration award was affirmed by this Court in *R. E. Bean Construction Co.* v. *Middlebury Associates*, (*R. E. Bean I*), 139 Vt. 200, 428 A.2d 306 (1980), and *R. E. Bean Construction Co.* v. *Middlebury Associates*, (*R. E. Bean II*), 142 Vt. 1, 451 A.2d 1096 (1982). That award required Middlebury Associates to pay Bean and various subcontractors for work performed in the construction of the shopping center.

Middlebury now claims the orders from the *Pike* case and the arbitration case require reconciliation. We disagree. The *Pike* case and the arbitration case involved separate claims. *R. E. Bean I, supra*, 139 Vt. at 210-12, 428 A.2d at 312-13. The arbitration award did not include any amount for work done by Pike. *Id.* at 212, 428 A.2d at 313. Therefore, no reconciliation is required.

## II.

Defendant's second claim is that the trial court erred in finding it in contempt for failure to comply with the judgment order issued in the arbitration case. We agree. "Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." V.R.C.P. 69. In the instant case, there has been no attempt by Bean to execute on the judgment. Holding Middlebury in contempt for its failure to pay on the judgment when there had been no attempt by Bean to execute on the judgment was thus error.

*Judgments entered pursuant to arbitration award are final and subject to execution; monies held by the Addison Superior Court shall be disbursed in accordance with that award. Order holding defendants in contempt is vacated.*