STATE OF VERMONT
ENVIRONMENTAL COURT



|  | } |  |
|---|---|---|
| **In re RCC Atlantic, Inc., and Sousa** | } | **Docket No. 163-7-08 Vtec** |
| **(Appeal of Jones & Leinoff)[1]** | } | **(Act 250 party status appeal)** |
|  | } |  |

## Decision on Multiple Motions

RCC Atlantic, Inc., originally doing business as Unicel ("Applicant"), sought permit authority to install panel antennas on a pre-existing silo owned by Mary Sousa at 352 Bolton Road in the Town of Cabot ("Town"). When concern was expressed over the plan to install equipment inside the silo, Applicant amended its plans by incorporating the recommendation that it install an equipment shed adjacent to the silo, surrounded by a fence.

Applicant next sought an Act 250 permit for its proposed wireless communications facility; the revised plans it submitted to the District 5 Environmental Commission ("District Commission") included the recommended relocation of the support equipment into the proposed equipment shed, to be installed adjacent to the pre-existing silo. Upon review of Applicant's Act 250 application, schedules, and supporting materials, the District Commission gave notice of its determination pursuant to Rule 51 of the Act 250 Rules that there was a "demonstrable likelihood that the project will not present significant adverse impact under any of the 10 criteria of 10 V.S.A. Section 6086(a)" and that the application would therefore be treated as a minor application[2] and a proposed permit would issue. Act 250 Rules 51(A) and (B).[3]

Upon receiving the District Commission's Rule 51 notice as to its determinations on Applicant's Act 250 application, Appellants Wendy Jones and Andrew Leinoff ("Neighbors")

---

[1] The Court first captioned this matter as "In re Jones & Leinoff Act 250 Party Status." We have now corrected the caption to more accurately reflect the project application and procedural history at issue in this appeal.

[2] One consequence of an Act 250 application being deemed "minor" is that (unless someone requests and is granted a hearing) the application can be granted and a permit issued without a hearing, based upon the District Commission's determination "that the project will not present significant adverse impact under any" Act 250 criteria. Act 250 Rules 51(A) and (B)(3)(a). One further consequence of such a determination is that no findings of fact or conclusions of law need to accompany the Act 250 permit. Act 250 Rule 51(B)(3)(b).

[3] The Act 250 Rules were promulgated by the Vermont Natural Resources Board pursuant to 10 V.S.A. § 6025(b). As we have noted in other decisions, the Act 250 Rules replaced the former Environmental Board Rules. See, e.g., Dover Valley Trail, No. 88-4-06 Vtec, slip op. at 2 n.3 (Vt. Envtl. Ct. Jan. 16, 2007) (Durkin, J.). The new Act 250 Rules took effect on May 1, 2006, and the latest round of updates to those Rules went into effect on October 3, 2007. Although further amendments to the Act 250 Rules are currently under consideration, we are directed to "apply[] the substantive standards that were applicable before the tribunal appealed from," 10 V.S.A. § 8504(h), which in this case requires us to apply the current version of the Act 250 Rules.

filed a timely request with the District Commission for a hearing and petitioned that they be granted party status under Act 250 Criteria 1(A), 1(B), 8, and 10. See 10 V.S.A. §§ 6086(a)(1)(A), 1(B), 8, and 10.[4] After conducting its deliberations on Neighbors' hearing request and party status petition, the District Commission issued its July 1, 2008 Memorandum of Decision, denying Neighbors' hearing request and party status petition. Neighbors thereafter filed a timely appeal with this Court.[5]

The Court conducted its initial conference in this appeal on September 22, 2008, which was followed by the initial Scheduling Order of October 7, 2008, in which the Court established deadlines for the filing of initial pre-trial motions and statements of undisputed material facts. In response, the parties have filed a joint statement of undisputed material facts, additional statements of material facts, and three preliminary motions:

1. Neighbors' motion for party status;

2. Applicant's motion for summary judgment as to Neighbors' party status; and

3. Applicant's motion to dismiss Questions 2 and 3 from Neighbors' Statement of Questions.[6]

In light of both parties' filings and the Joint Stipulation of Undisputed Material Facts that was submitted, we consider Neighbors' initial motion for party status as one for summary judgment on that issue. See V.R.C.P. 12(c). Further, we understand both parties to be recommending that we first address the legal question of whether Neighbors are entitled to party status in this proceeding, and only then move on to the substantive legal questions of whether Applicant is entitled to summary judgment on the issues raised in Neighbors' Statement of Questions. We intend to follow the parties' recommendation in our discussion below.[7]

---

[4]   As noted in more detail below, Neighbors currently seek party status only under Criteria 8 and 10.

[5]   Neighbors are represented in this appeal by Jared M. Margolis, Esq.; Applicant is represented by William J. Dodge, Esq. No other party has entered an appearance in this appeal.

[6]   We note that Applicant also requested dismissal of Neighbors' Question 4 from their Statement of Questions. Neighbors subsequently agreed to the dismissal of Question 4, which was noted in this Court's Entry Order of September 17, 2008.

[7]   Applicant asserts another preliminary issue for consideration—namely, that Neighbors' appeal should be dismissed for violating the requirement that a motion for party status be filed at the same time as a notice of appeal in an appeal such as this one. See V.R.E.C.P. 5(d)(2). However, we note that in this particular case, the Court specifically granted additional time to Neighbors in the October 7, 2008 Scheduling Order, which asked that Neighbors submit their party status motion (and any other pretrial motions) by October 31, 2008—a deadline that Neighbors met. Given that our decision below dismisses Neighbors' appeal based on other grounds, we do not reach the issue of whether this appeal could also be dismissed under Rule 5(d)(2) of the Vermont Rules of Environmental Court Proceedings.

**Factual Background[8]**

1. Mary Sousa owns a developed parcel of land containing about 42.9 acres, improved with farm structures, at 352 Bolton Road in the Town of Cabot. This property is located in the Low Density Residential and Agricultural Zoning District.

2. Applicant is a federally licensed communications provider; the area in which it is authorized to operate includes the Town of Cabot.

3. Neighbors own and reside at property located at 561 Bolton Road that adjoins the Sousa property.[9]

4. Applicant is seeking permitting authority to install six panel antennas, each about eight feet tall, on the exterior face of one of the two pre-existing silos on the Sousa farm property. Each panel antenna would be flush-mounted on the exterior face of the pre-existing silo, fifteen feet below the dome of the eighty-foot silo.

5. Applicant first planned to house the support equipment, including fans, air conditioning, and back-up power generation equipment, wholly within the silo. A door would be cut into the base of the silo for access to the support equipment.

6. When one or more individuals expressed concerns during the municipal permit hearing about whether the silo's possible future use for agricultural purposes would be permanently compromised by the placement of the equipment and cutting of an access door, Applicant agreed to amend its plans by including a free-standing equipment storage shed, fabricated off-site, next to the silo. Due to a directive contained in the telecommunications provisions of Article 5 of the Town of Cabot Zoning Bylaws ("Bylaws"), Applicant included in its plans a six-foot high fence to surround the proposed 10' by 12' equipment storage shed. See Bylaws § 5.7(c).

7. On March 12, 2008, Applicant filed an application with the Town Zoning Board of Adjustment ("ZBA") for a variance and conditional use approval for its proposed installations at the Sousa property.

8. Applicant requested a variance from a portion of the Bylaws specifically regulating telecommunication facilities—Bylaws Article V—which includes a provision that requires "a telecommunications facility or tower, including guy-wire anchors and protective fencing" to be

---

[8] All facts recited or referenced here are undisputed unless otherwise noted. In our review of each of the pending motions, we view the material facts in a light most favorable to the non-moving party. Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990).

[9] Neighbors also own nearby property at 208 Bolton Road.

located no "[c]loser than 1,500' horizontally to any structure existing at the time of application which is used as a primary or secondary residence, to the property of any school (both public and private), or any other public building." Bylaws § 5.7(M)(2). Mrs. Sousa's primary residence is across Bolton Road from the proposed silo site and is about 289 feet from the base of the silo. The silo upon which the proposed wireless antennas are to be attached is less than 1,500 feet from Neighbors' residence and also less than 1,500 feet from a second residence Neighbors are renovating and plan to lease for residential purposes.

9.      On June 6, 2008, the ZBA granted (with conditions) Applicant's request for conditional use approval. In response to Applicant's variance request, the ZBA determined that the placement of the panel antennas on the pre-existing farm silo rendered the impact of this telecommunications facility of little or no ("de minimus") impact and therefore not needing a specific variance. See 24 V.S.A. § 4412(9).

10.     Neighbors and others filed an appeal of both ZBA determinations; that appeal is a companion case to this matter and has been assigned Docket Number 162-7-08 Vtec. Although that case was initially removed to the United States District Court for the District of Vermont, it was recently remanded to this Court.

## Discussion

In this Act 250 appeal, Neighbors have expressed the following two general concerns about Applicant's proposed facility:[10]

1.  Will noise produced by the fan, cooling systems, and back-up generator in the equipment shed violate Act 250 Criterion 8 (10 V.S.A. § 6086(a)(8))? Neighbors specifically ask, "How will noise be controlled, especially if the equipment is not in the silo?"[11]

2.  Will characteristics of the proposed wireless facility and supporting equipment violate provisions of the Town of Cabot Town Plan ("Town Plan") and thereby be in violation of Act 250 Criterion 10 (10 V.S.A. § 6086(a)(10))? In particular, do the following aspects of the project violate the Town Plan: (i) the proximity to nearby residences; (ii) the aesthetics of the fence surrounding the proposed equipment shed; and (iii) the potential negative impact upon property values, due to alleged negative perceptions the general public may have as to wireless facilities, including the potential harm from electromagnetic emissions?

---

[10] We have summarized these concerns from Neighbors' Statement of Questions, their motion for party status, the parties' Joint Stipulation, and Neighbors' Responsive Statement of Material Facts.

[11] Joint Stipulation Ex. LJ-1 (Neighbors' May 1, 2008 request for a hearing and party status, filed with the District Commission Assistant Coordinator).

4

Although Neighbors' initial letter to the District Commission expressed concerns regarding Act 250 Criteria 1(A) (headwaters) and 1(B) (waste disposal), Neighbors no longer seek party status under those criteria. Indeed, Neighbors' Statement of Questions only raises noise and aesthetics issues under Criterion 8 and issues regarding conformance with the Town Plan under Criterion 10.

As we have often noted, this Court can only address those issues that have been preserved for our review in a Statement of Questions. V.R.E.C.P. 5(f); see also Vill. of Woodstock v. Bahramian, 160 Vt. 417, 424 (1993). Thus, our review here is limited to the specific issues raised by Neighbors under Criteria 8 and 10.

In response to Neighbors' expressed concerns about noise, Applicant filed the manufacturer's specifications concerning the noise levels to be emitted by the proposed support equipment. In response to Neighbors' concerns about aesthetics and conformance with the Town Plan, Applicant filed documents detailing the fencing required by the ZBA, and an appraiser's report that suggests that recent area sales data do not show a negative impact upon property values attributable to existing or recently installed wireless facilities.

We are asked in this appeal to first address the preliminary question of whether Neighbors should be afforded party status and thereafter permitted to participate in a hearing on the merits of Applicant's Act 250 application. Our analysis of this preliminary procedural issue is governed by the applicable Act 250 Rules.

The means by which Act 250 applications are reviewed differs from land use litigation in general and municipal appeals in particular. Pursuant to Act 250 Rule 51, a district commission, assisted by its district coordinator, is directed to first determine whether a pending application contains sufficient supporting documentation so that it may be reviewed as a "minor application." Act 250 Rule 51(A). In making this determination, a district commission is directed to consider the following:

1. whether there are any "cognizable issues" under any of the applicable Act 250 criteria left unaddressed by the application;

2. whether any additional state permits identified under Act 250 Rule 19 have or will be obtained by the applicant;

3. the extent to which the project has been reviewed by an appropriate municipal panel, pursuant to its land use regulations;

4. whether the district commission can draft a proposed permit and permit conditions that address any potential areas of concern; and

5

5. whether the applicant has thoroughly addressed each of the applicable Act 250 criteria.

Act 250 Rule 51(A)(1)–(5).

When a district commission makes the necessary Rule 51 conclusions, the pending application is approved in a summary fashion: no hearing is held, no findings or conclusions are rendered, and a proposed permit is circulated to parties entitled to notice. Act 250 Rule 51(B).

An interested person may request a hearing upon an application being approved under these summary proceedings. Act 250 Rule 51(D). Such a hearing request "shall state the criteria or subcriteria at issue, why a hearing is required and what evidence will be presented at the hearing." Act 250 Rule 51(B)(3)(d). The request for a hearing must also be accompanied by a petition for party status. Act 250 Rule 51(B)(3)(e).

When a hearing is requested, the district commission must follow specific steps in response:

> Upon receipt of a request for a hearing, the district commission shall determine whether or not substantive issues have been raised under the criteria and shall convene a hearing if it determines that substantive issues have been raised. If the district commission determines that substantive issues have not been raised, the district commission may proceed to issue a decision without convening a hearing. If a hearing is convened, it shall be limited to those criteria or sub-criteria identified by a statutory party, successful petitioner for party status, or by the district commission.

Act 250 Rule 51(D).

These provisions of Rule 51 govern this Court's review of Neighbors' party status and hearing requests, since this Court is directed to "apply[] the substantive standards that were applicable before the [district commission and] shall hold a de novo hearing on those issues which have been appealed." 10 V.S.A. § 8504(h). While the right to appeal a district commission determination is generally restricted to one who obtained party status and participated in the district commission proceedings, 10 V.S.A. § 8504(d)(1), a person denied party status by the district commission is entitled to appeal that determination to this Court under 10 V.S.A. § 8504(d)(2)(B).

Neighbors have requested that we summarily determine that they are entitled to party status in this proceeding; Applicant has requested that we summarily determine that Neighbors are not entitled to party status. Thus, we have competing motions for summary judgment. In situations where both parties move for summary judgment, we must analyze each motion

6

separately and grant all reasonable doubts and inferences to the party opposing that particular motion. See, e.g., In re Morris 7-Lot Subdiv., No. 71-4-07 Vtec, slip op. at 7 (Vt. Envtl. Ct. Nov. 26, 2007) (Wright, J.) (citing Alpine Haven Prop. Owners Ass'n, Inc. v. Deptula, 2003 VT 51, ¶ 8, 175 Vt. 559); In re Ilges Zoning Permit, No. 232-9-06 Vtec, slip op. at 3 (Vt. Envtl. Ct. Apr. 27, 2007) (Durkin, J.) (citing Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990)).

In our search for whether a dispute as to a material fact exists, we look to the parties' representations. But in determining whether a representation presents a legitimate factual dispute, we are mindful that parties cannot rely "on mere allegation . . . to rebut credible documentary evidence or affidavits" presented by the moving party. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (citing Gore v. Green Mountain Lakes, Inc., 140 Vt. 262, 266 (1981)). Rather, to survive summary judgment, the non-moving party "must respond with specific facts that would justify submitting her claims to a factfinder." Id. (citing V.R.C.P. 56(e)).

If a non-moving party does not present "specific facts" to refute the material facts presented by the moving party, and the moving party's facts are sufficient to satisfy the legal standard at issue, we understand the directive of Robertson to be that summary judgment must be entered for the moving party. Id. Here, Applicant's motion for summary judgment is accompanied by supporting affidavits and documentation. Neighbors therefore faced an increased duty under Robertson to present credible documentation or affidavits to support their allegations. If they fail to do so, we must render summary judgment in Applicant's favor.

Our analysis of the parties' representations here leads us to the conclusion that Neighbors have failed to present specific facts to refute Applicant's representations and that the applicable law directs that we deny Neighbors' request for party status. See id.

The parties have spent considerable effort debating whether the burden of proof on the ultimate legal issues has shifted from Applicant to Neighbors. We believe the legal issue here to be of a more preliminary nature. In an instance where a district commission determines that Act 250 Rule 51 has been satisfied, such that the applicant's presentation is so complete as to render a hearing unnecessary, an opposing party is afforded an opportunity to contest that determination, but may only succeed in receiving that hearing upon a showing of "what evidence will be presented at the [requested] hearing" to refute the materials put forth by the applicant. Act 250 Rule 51(B)(3)(d). The burden of making this initial evidentiary showing is placed upon

the requesting party, so that the district commission (in the first instance) or this court on appeal may "determine[] that substantive issues have been raised."  Act 250 Rule 51(D).

Neighbors express concerns that initially appear to be sincere and legitimate, both as to the noise that might be produced by Applicant's support equipment and the fear that its presence may devalue their property in violation of the Town Plan.  But the record is void of documents or affidavits from Neighbors that provide a factual foundation for those allegations, or even an offer of proof as to "what evidence [Neighbors would] present[] at the hearing."  Act 250 Rule 51(B)(3)(d).  Applicant, on the other hand, has presented manufacturer documentation on the specific noise emission estimates for the proposed equipment, an affidavit from the construction manager for the installation company, specifically referring to the estimated noise emissions, and an appraisal report and supporting market data refuting Neighbors' assertion that the proximity of this wireless transmission facilities will have a negative impact on property values.

We have found no documents or affidavits presented by Neighbors in response to these filings.  Although Neighbors make reference in a footnote in their response brief that if called upon to substantiate their concerns about noise, "they would most likely produce a noise study."  This general reference leaves us to wonder whether Neighbors have yet to commission such a study, and what its findings could possibly be.  This type of statement on its own is insufficient to meet the requirements of Act 250 Rule 51(B)(3)(d).

Neighbors are correct that they do not face a specific directive to commission a noise study simply to be granted party status.  Rather, as with any offer of proof, all that is required at this stage is a showing that evidence exists, "not a submission of the evidence itself."  R.E. Bean Constr. Co. v. Middlebury Assocs., 142 Vt. 1, 7 (1982).  But if there is to be any meaning to the requirement in Act 250 Rule 51(B)(3)(d) that a party requesting a hearing must state what evidence would be presented at that hearing, Neighbors must at least state that their fears and concerns have some factual basis and are not based solely on speculation.  Here, the record is devoid of any representation as to what Neighbors would most likely produce at a hearing.  We are left to speculate upon whether there is any factual basis for Neighbors' concerns, since they have presented no affidavit, documentation, or other submission that provides at least some degree of specificity as to what their evidence would be.  Indeed, our Supreme Court has stated that this type of threshold showing, containing some degree of factual specificity, is required when called upon to make an offer of proof:

[A]n offer of proof must be specific and concrete. It must indicate what further testimony or evidence will be introduced, to show what particular circumstances or conditions, and for what purpose it is offered. An offer must be sufficiently explicit to give the trial court an understanding of the materiality of the [to-be-] offered evidence. These standards are generally taken to require that witnesses' names and addresses be given, that acts or items be specifically described, and that the matter to be proved be carefully delineated.

Id. (internal citations omitted).

In the absence of any specific evidence put forth by Neighbors, by way of credible documentation or affidavit, or even an affidavit or other offer of proof as to what evidence would be produced at a hearing and what that evidence would say regarding cognizable issues under Criteria 8 or 10, we must conclude that Neighbors have failed to fulfill the offer of proof requirements imposed upon them by Act 250 Rule 51. We therefore conclude that Neighbors' requests for party status under Act 250 Criteria 8 and 10 must be **DENIED**.[12]

## Conclusion

For all the reasons more fully discussed above, we **GRANT** summary judgment to Applicant and **DENY** Neighbors' request for party status. We therefore **DECLINE** to direct that a hearing be held in this matter, and we conclude that the proposed Act 250 permit circulated by the District Commission should be issued.

This concludes the current proceedings in this appeal before this Court. A Judgment Order accompanies this Decision.

Done at Newfane, Vermont, this 8th day of May 2009.

_____
Thomas S. Durkin, Environmental Judge

---

[12] Having reached this conclusion based upon Act 250 Rule 51 and V.R.C.P. 56, we need not reach the question of whether Neighbors' claim for party status based upon an alleged negative impact upon property values from a perceived fear of electromagnetic transmissions is preempted by the Telecommunications Act of 1996 (47 U.S.C. § 332(c)(7)(B)(iv)).