**State of Vermont**
**Superior Court - Environmental Division**

=====================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
=====================================================================

**In re Champlain Parkway Act 250 Permit**                    **Docket No. 68-5-12 Vtec**
**(Appeal from Act 250 Permit No. 4C0438-17)**

Title: Motion to Alter or Amend (Filing No. 7)

Filed: October 26, 2012

Filed By: Applicants/Appellees City of Burlington and Vermont Agency of Transportation

Response in Opposition filed on 11/8/12 by Cross-Appellant Vermont Railway, Inc.

___ Granted                    _X_ Denied                    ___ Other

Currently before the Court is a motion by the City of Burlington (City) and the State of Vermont Agency of Transportation (collectively Applicants) requesting that the Court alter or amend our October 12, 2012 decision on Vermont Railway's (VTR) amended motion for party status. Applicants move this Court, under V.R.C.P. 54(b), to amend its decision to conclude that VTR does not have party status under Act 250 criteria 1(E), 9(K), or 10.

V.R.C.P. 54(b) provides that in the absence of a final judgment by this Court, any decision adjudicating fewer than all of the claims of fewer than all the parties in an action "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." In addressing a motion to alter made pursuant to Rule 54(b), we apply the legal standard applicable to ruling on a Rule 59(e) motion to alter or amend a final judgment. In re Bennington Wal-Mart Demolition/Const. Permit, No. 158-10-11 Vtec, slip op. at 4 (Vt. Sup. Ct. Envtl. Div. Aug. 17, 2012) (Walsh, J.). It is ultimately within the Court's discretion whether to grant a Rule 59 motion, and we have identified four principal reasons for doing so: (1) to correct manifest errors of law or fact; (2) to allow a party to provide "newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law." Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1). Granting such a motion is viewed by this Court as an "extraordinary remedy." Bennington Wal-Mart, No. 158-10-11 Vtec, slip op. at 4 (Vt. Sup. Ct. Envtl. Div. Aug. 17, 2012).

## I.    VTR's Procedural Standing to Seek Party Status under Criterion 9(K)

In moving this Court to alter or amend our October 12 decision, Applicants contend that we misunderstood several relevant facts when we concluded that VTR had procedural standing to seek party status for criterion 9(K) (development affecting public investment) under 10 V.S.A.

§ 8504(d)(2)(B).[1]  Applicants first claim that we inappropriately relied upon the disputed fact of whether VTR offered testimony in the proceedings below under criterion 9(K).  In our decision, we stated that "the Commission appears to have allowed VTR to submit testimony regarding criterion 9(K) during the permit hearing process."  In re Champlain Parkway Act 250 Permit, No. 68-5-12 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Oct. 12, 2012) (Walsh, J.).  Applicants argue that the Commission never allowed VTR to do so and challenge our perceived reliance on this fact.  In our decision, however, we noted that Applicants disputed whether VTR provided criterion 9(K) testimony, and we did not rely on this disputed fact in reaching our conclusion.  Rather, we mentioned the disputed testimony to highlight the unusual circumstances that led the Commission to spend an entire paragraph in its Findings of Fact, Conclusions of Law and Order discussing VTR's 9(K) party status.  See Re: City of Burlington & VTrans, No. 4C0538-17, Findings of Fact, Concl. of Law and Order, at 3 (Dist. 4 Comm'n Apr. 27, 2012).

In determining that VTR met the statutory requirements for seeking criterion 9(K) party status before this Court, we relied exclusively on the language used by the Commission in its Findings of Fact, Conclusions of Law and Order.  In that document, the Commission clearly indicated that, over the course of the proceedings below, a dispute existed as to whether VTR held party status under criterion 9(K).  The Commission resolved that dispute by explicitly "not grant[ing] VTR party status under Criterion 9 (K)"—a step it did not take for any other criteria for which VTR or the other parties failed to request party status.  Id. at 2–7.  There is no appreciable difference between the Commission "not grant[ing]" VTR 9(K) party status in this case and the Commission denying VTR party status for criteria 1(E), 9(A), and 10.  See id.  Because the Commission effectively denied VTR party status under criterion 9(K), and because VTR appealed that denial in its amended Statement of Questions, VTR has procedural standing to seek party status for criterion 9(K) before this Court pursuant to 10 V.S.A. § 8504(d)(2)(B).

## II.    VTR's Party Status under Criteria 1(E) and 10

Applicants next contend that this Court erred in granting VTR party status under criteria 1(E) (streams) and 10 (compliance with town or regional plan).  Applicants assert that VTR's claim of a causal link between the proposed project and harm to VTR's particularized interest under criterion 1(E) was inadequate.  Applicants also argue that the language in the City of Burlington Municipal Development Plan (MDP) cited by VTR as potentially violated by the proposed project is not protected under criterion 10.

This Court decides party status as a preliminary issue of standing before we review the merits of an appeal of a district commission decision.  In re Pion Sand & Gravel Pit, No. 245-12-09 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. July 2, 2012) (Durkin, J.) (citing 10 V.S.A. § 8504(a)).  In granting party status to a litigant, we ensure that the litigant meets certain requirements, including demonstrating a causal link between a decision on a proposed project and an alleged harm to the litigant's particularized interests.  See In re Granville Mfg. Co., No. 2-1-11 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. July 1, 2011) (Durkin, J.).  This showing need only indicate a "reasonable possibility" of harm.  In re Bennington Wal-Mart, No. 158-10-11 Vtec, slip op. at 9–10 (Vt. Super Ct. Envtl. Div. Apr. 24, 2012) (Walsh, J.) (citing Granville Mfg. Co., No. 2-1-11 Vtec, slip op. at 6).  While a sufficient showing cannot be purely speculative, id., a litigant seeking party status must simply meet a minimum threshold to satisfy its showing

---

[1] Section 8504(d)(2)(B) allows an aggrieved person to appeal the decision of a district commission to deny that person party status under a particular Act 250 criterion.

requirement. See In re RCC Atl., Inc., No. 163-7-08 Vtec, slip op. at 8 (Vt. Envtl Ct. May 8, 2009) (Durkin, J.) (litigants seeking party status "must at least state [that] their fears and concerns have some factual basis and are not based solely on speculation"). An adequate threshold showing must describe the evidence or testimony to be introduced at the merits hearing and must be sufficiently concrete for the Court to understand the "materiality" of the evidence or testimony. RCC Atlantic, No. 163-7-08 Vtec, slip op. at 8–9 (quoting R.E. Bean Constr. Co. v. Middlebury Assocs., 142 Vt. 1, 7 (1982)).

Under these standards, VTR met its burden in seeking party status under criterion 1(E). In its amended motion for party status, VTR claimed, "Common sense dictates that if the project facilitates a flow of water in the Englesby Brook that is greater than the carrying capacity of the existing culvert under Appellant-VTR's rail line, the rail bed will act as an impoundment during high water events, . . . thereby risking the . . . washout of the rail line." (Appellant's Am. Mot. for Party Status 7, filed Aug. 12, 2012). VTR supported this claim with a threshold showing, including exhibits and the proposed testimony of three employees, which VTR specifically outlined.

Applicants contend that VTR's allegation of harm was inappropriately couched in conditional language and that VTR's threshold showing of a causal link between its particularized interests and the alleged harm was insufficient. Applicants' arguments, however, are unpersuasive. In seeking party status, a litigant need only demonstrate that a decision on a proposed project *may* harm its particularized interests. See Bennington Wal-Mart, No. 158-10-11, slip op. at 9 (Vt. Super Ct. Envtl. Div. Apr. 24, 2012) (internal citations omitted). Thus, the conditional language used by VTR in alleging the possibility of harm to its main rail line from the construction of Applicants' proposed project was appropriate and sufficient for the purposes of a motion for party status. Furthermore, Applicants overstate the burden borne by VTR in demonstrating its standing at this preliminary stage of the appeal. In this case, VTR's threshold showing, including a map and the prospective testimony of three employees, sufficiently indicates the further testimony or evidence to be introduced in the merits hearing and describes the matter to be proved. See RCC Atlantic, No. 163-7-08 Vtec, slip op. at 8–9. VTR accordingly met its burden seeking party status for criterion 1(E). [2]

Similarly, VTR met its burden in seeking party status for criterion 10. Applicants state that this Court "incorrectly presumed that the sentence fragments that VTR cited from the MDP are protected under Act 250," even though "the cited statements are too broad, generalized, or irrelevant to meet the well-established standards for Criterion 10-protected provisions of a municipal development plan." (Applicants' Mot. to Alter or Amend 11–12, filed Oct. 26, 2012). Applicants devote a significant portion of their motion analyzing the language cited by VTR, including the context of that language within the MDP, to prove that it is not enforceable under Act 250. Applicants contend that we should have conducted the same analysis in reviewing

---

[2] Applicants also note that VTR's amended Statement of Questions makes no mention of Englesby Brook or the effect of the Parkway culvert on VTR's rail line. In an appeal of a decision by a district commission, the scope of our review of the merits of the case is limited to the issues raised in an appellant's statement of questions. V.R.E.C.P. 5(f). The fact that a litigant does not raise an issue in its statement of questions does not, however, preclude it from seeking party status under the Act 250 criterion associated with that issue. A litigant may seek to offer testimony under a criterion that has been raised in another party's statement of questions, or a litigant may later attempt to amend its statement of questions to raise an issue for which we have granted it party status.

VTR's motion for party status. Essentially, Applicants argue that this Court should have weighed VTR's claim, entailing a review of the merits, that the cited provisions are enforceable against Applicants' argument that the provisions are not.

Once again, Applicants incorrectly describe VTR's burden in seeking party status in an appeal of a district commission decision before this Court. By demonstrating a particularized interest in the enforcement of City Plan provisions related to railways, specifically citing such provisions, and alleging the possibility of harm to its interest in the enforcement of those provisions as a result of Applicants' proposed project, VTR made an adequate threshold showing of party status. Whether or not VTR's cited provisions are actually enforceable goes to the merits of VTR's claim, not VTR's standing to bring the claim, and is therefore not justiciable by the Court at this stage of the appeal.

Accordingly, we **DENY** Applicants' request to alter or amend our Decision in this appeal pursuant to V.R.C.P. 59(e). We decline to alter or amend our October 12, 2012 Decision.


_____        _____November 14, 2012_____
        Thomas G. Walsh, Judge                                                Date
===================================================================
Date copies sent to: _____            Clerk's Initials _____
Copies sent to:
   Attorneys Brian S. Dunkiel & Elizabeth H. Catlin for Interested Person City of Burlington
   Attorney Daniel D. Dutcher for Interested Person Vermont Agency of Transportation
   Attorney Eric R. Benson for Cross Appellant Vermont Railway, Inc.
   Attorney Liam L. Murphy for Appellant Fortieth Burlington, LLC and Cross Appellant GP Burlington South, LLC
   Attorney Catherin Gjessing for Agency of Natural Resources (informational purposes only)
   Natural Resources Board/LU Panel (informational purposes only)